### 9268.   BANK OF HARLEM v. PHILLIPS

WADE, C. J.   The motion for a new trial is based upon the general grounds only, and complains of a verdict which is supported by some evidence authorizing the inferences drawn by the jury, and the verdict has been approved by the trial judge.   This court is therefore without authority to interfere, and the judgment is

*Affirmed.   Jenkins and Luke, JJ., concur.*

DECIDED APRIL 12, 1918.

Complaint; from Columbia superior court—Judge H. C. Hammond.   September 15, 1917.

*P. B. Johnson, John T. West,* for plaintiff.

*J. T. Olive, Archibald Blackshear,* for defendant.

---

### 9273.   NUNEZ v. EMANUEL COUNTY.

WADE, C. J.   1. In a suit against a county for damage alleged to have been caused by a defective bridge, the plaintiff can not recover unless the proper county authorities had knowledge of the defective condition, or unless the defect had existed for such a length of time that knowledge thereof on the part of the county authorities would be presumed (*Stamps* v. *Newton County,* 8 *Ga. App.* 230 (3b)) (68 S. E. 947); and it is a jury question as to what length of time a defect in a bridge must exist before a county is charged with knowledge of negligence. *City of Rome* v. *Brooks,* 7 *Ga. App.* 244 (66 S. E. 627); *Enright* v. *Atlanta,* 78 *Ga.* 289.

2. The evidence as a whole being sufficient to warrant the jury in finding that the county authorities did not have notice of the defect in the bridge, and that the defective condition had not existed for such a length of time as to charge the authorities with such knowledge as would make them liable under the law, the trial court did not err in overruling the motion for a new trial, which was based on the general grounds only.

*Judgment affirmed.   Jenkins and Luke, JJ., concur.*

DECIDED APRIL 12, 1918.

Action for damages; from city court of Swainsboro—Judge Kirkland.   September 24, 1917.

*Williams & Bradley,* for plaintiff.

*T. N. Brown,* for defendant.