10305. ELLIS *v.* FLOYD COUNTY.

STEPHENS, J. 1. A county is not liable to suit unless so made by law, expressly or by necessary implication. *Millwood* v. *DeKalb County*, 106 *Ga.* 743 (32 S. E. 577).

2. Under the provisions of code-section 748, which provides that "in every

case the county shall be primarily liable for all injuries caused by reason of any defective bridges, whether erected by contractors or county authorities," the county was not liable for such damages as set out in the petition, as the same were not caused by reason of any defective bridge within the meaning of this section, but caused by reason of an alleged defective drainway or passage under such bridge.

3. The word "bridge," in the statute of this State giving a right of action against a county for defective construction, means a bridge used as an instrumentality for travel along a highway and for crossing streams or ravines. In this sense a bridge does not include a drain or opening under the bridge, although a part of the structure.

4. A county is not liable for damage to the crops or temporary use of the land, caused from water backing up and injuring an adjacent land-owner by reason of a failure upon the part of the county to so construct the drain under the bridge as to prevent an accumulation of water or debris from the stream.

5. The petition in this case as amended shows an action for damages against the county, not for an injury to plaintiff's land by reason of the erection of the bridge, and the consequent diminution in the value of his land, but for an alleged non-feasance of the county authorities in the maintenance of the excavation under the bridge, and a consequent nuisance maintained, viz., that in the winter and spring of 1917 the county negligently and carelessly permitted the space under the bridge to become filled up with debris which prevented the passage of water under the bridge and caused it to back and overflow the plaintiff's fields, damaging his crops and preventing him from cultivating part of his land during that year, and that the sole reason of such injury and damage was the damming up of the water and causing it to overflow his land. There is no element of damage to the land, or depreciation in its value, or the taking of private property for public use without compensation. See, in this connection, *Barfield* v. *Macon County*, 109 *Ga.* 388 (34 S. E. 596); *Howard* v. *Bibb County*, 127 *Ga.* 291 (56 S. E. 418).

6. There being no authority, either express or implied, for the bringing of such a case against a county as is set out in the plaintiff's petition, the general demurrer thereto was properly sustained.

*Judgment affirmed.* *Jenkins, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 7, 1920.

Action for damages; from Floyd superior court—Judge Wright. January 7, 1919.

*W. B. Mebane,* for plaintiff.

*Graham Wright,* for defendant.