### 13521.  WILKES COUNTY *v.* TANKERSLEY.

STEPHENS, J. 1. Since a county is not liable to suit unless made so by statute (Civil Code of 1910, § 384), and since the liability of a county for injuries caused by reason of a defective bridge upon a highway arises only under the statute which provides that a county shall be liable "for all injuries caused by reason of any defective bridges" (Civil

Code of 1910, § 748; Ga. L. 1888, p. 39), a county is liable to a person injured by reason of a defective bridge only when the county has failed to exercise ordinary care in performing this statutory duty to keep the bridge in repair, and not by reason of any negligent failure to post signs or other warnings informing travelers of the defective condition of the bridge. See, in this connection, *Stamps* v. *Newton County*, 8 *Ga. App.* 229 (5), 230 (68 S. E. 947); *Nunez* v. *Emanuel County*, 22. *Ga. App.* 219 (95 S. E. 718).

2. In a suit against a county by a person seeking to recover damages for injuries sustained by reason of the collapse of an alleged defective bridge, where it was alleged the county failed to exercise due care in keeping the bridge in repair, it was error for the judge in his charge to submit to the jury the question whether ordinary care on the part of the county would have required the placing of some signs or other warning at the bridge, informing travelers of its defective condition.

3. While the county is under no duty to place such warning signs upon a bridge on one of its highways, yet the absence of such signs, when taken in connection with the absence of knowledge of the defect by an approaching traveler, is proper for consideration by a jury in determining whether or not such traveler has exercised the required care and diligence resting upon him to avoid the injury.

4. This court can not hold that, under the evidence in this case as to the time elapsing between the notice to the county authorities of the defective condition of the bridge and the time of the happening of the injury to the plaintiff, the county exercised due care and diligence in keeping the bridge in repair. Assuming that at the time the county authorities received notice of the defect in the bridge the bridge-gang of the county was at such a distance from it that, on account of the impassable condition of the roads, caused by incessant rains, it was physically impossible for the county to repair the bridge before the time of the injury, it is not conclusive that the county exercised due care and diligence to keep the bridge in repair. The jury might conclude that the county was negligent in not having facilities available to repair the bridge within the time intervening between the county's receipt of the notice of the defect and the time of the accident.

5. The court erred in overruling the motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 14, 1923.

Action for damages; from Wilkes superior court — Judge Park presiding. March 11, 1922.

The instructions complained of are as follows: " If you believe that Mr. McLendon, the county commissioner had actual notice of the condition of the defect in the bridge, if there was any defect, and if you further believe that with this knowledge, ordinary care on his part would have required that he put some sign or warning at this bridge to prevent persons traveling the road from using it, then and in that event if he failed to put such a warning

40

or sign at the bridge the county would be liable, provided the plaintiff could not have prevented the injury if his car was injured by the exercise of ordinary care and diligence. . . Ordinary care and diligence is what the law calls a relative term. It is not an absolute term, and if ordinary care and diligence would have required the county commissioners to have placed a sign upon that bridge or near that bridge after they had notice of the defect, why then ordinary care and diligence would have required this notice to have been placed there."

*C. E. Sutton,* for plaintiff in error. *Colley & Colley,* contra.