## 18130.  WINDOM *v.* COLQUITT COUNTY.

BROYLES, C. J.  This was a suit against a county for damage to an auto-
mobile, alleged to have been caused by the negligence of the county in
maintaining a defective bridge on a public highway.  The facts of the
case, as stated in the petition, failed to show any actionable negligence
on the part of the county.  Furthermore, the petition, properly con-
strued (most strongly against the plaintiff), clearly showed that the
plaintiff, by the exercise of ordinary care, could have avoided the in-
juries sued for.  The court properly dismissed the petition, on general
demurrer.        *Judgment affirmed.* *Luke and Bloodworth, JJ., concur.*

DECIDED JULY 14, 1927.

Action for damages; from Colquitt superior court—Judge W. E.
Thomas.  April 5, 1927.

The plaintiff's petition as amended alleged, in substance, that
when he was driving his automobile on a designated public high-
way of the defendant county on January 17, 1926, "he crashed
into a pile of lumber negligently placed on said road at the ap-
proach to a bridge about two and one half miles northwest of Fun-
ston in said county," and the impact wrecked the front end of the
car and caused other damage described; that the defendant had
negligently torn out the bridge and negligently failed to maintain
any warning signs or lights for the guidance of traffic; that the
defendant had negligently failed to keep the bridge and the ap-
proach thereto in reasonable repair so that persons who traveled
thereon could use it with convenience and safety; that the pile of
lumber, which completely blocked the passage of the bridge, was
placed immediately next to the bridge opening across the stream,
upon a fill made by the defendant approximately five feet high,
which fill was a necessary part of the bridge itself, and the lumber
was placed on that part of the public road which constitutes the
abutment and approach to the bridge and which is essential to the
existence and use of the bridge; that the bridge constituted a
necessary part of the public highway and was erected by the de-
fendant since December 19, 1888; that the plaintiff had no knowl-
edge of the dangerous condition of the road, and that the defend-
ant knew of the defect complained of at the time of said accident
and long prior thereto, and the said defective and dangerous con-
dition had existed for such a length of time as in law to charge
the defendant with knowledge thereof; and that the plaintiff was
damaged in a stated sum.

Bridges, 9 C. J. p. 487, n. 90; p. 488, n. 94.

*P. Q. Bryan,* for plaintiff, cited: 126 *Ga.* 699; 15 *Ga. App.* 687.

*J. O. Gibson,* for defendant, cited: Civil Code (1910), §§ 384, 748, 4426; 116 *Ga.* 371; 106 *Ga.* 743, 747; 24 *Ga. App.* 717-18; 52 *Ga.* 538; 118 *Ga.* 200 (2); 61 Me. 292; 29 *Ga. App.* 624; 134 *Ga.* 69; 8 *Ga. App.* 229 (5); 74 *Ga.* 107.