## 17632.　SMITH v. COLQUITT COUNTY et al.

1. Section 634 of the Civil Code (1910) imposes no legal duty upon a county to maintain at a width of 16 feet a traveled way for vehicles over a bridge which is 32 feet long, on a highway in this State.
2. As respects a vehicular traveler passing over the bridge, the county is not negligent as a matter of fact in maintaining the bridge so narrowly constructed that, on account of conditions afterwards arising respecting the appearance of the roadway at the approach to the bridge and the appearance of the bridge at its abutment, an approaching vehicular traveler coming upon the bridge, who is thereby deceived as to the narrowness of the bridge and the consequent inability of meeting and passing another vehicle on the bridge, will run upon the bridge and collide with the other vehicle thereon.
3. No duty rests upon the county to maintain any signs warning travelers as to the alleged defective condition of the bridge.
4. No cause of action being set out as against the resident defendant, and the petition being properly dismissed as to that defendant, the court had no jurisdiction as to the nonresident defendants, and the petition was properly dismissed as to them.

Decided September 24, 1927.

Action for damages; from Colquitt superior court—Judge W. E. Thomas.　July 21, 1926.

This is a suit brought in Colquitt superior court by Mrs. Ida Smith against the County of Colquitt and J. W. Howze and J. A. Shupe, residents of the County of Tift, to recover damages for the homicide of her husband, which she alleges resulted from the joint and concurrent negligence of the defendants.　She alleges that her husband was traveling toward Norman Park in an automobile, along a public road in the County of Colquitt, and that after he had come upon a bridge in the road, and before completely passing over the bridge, his car was run into and wrecked by an approaching car occupied by the defendants Howze and Shupe, and as a result of this collision he was killed; that the bridge was over a watercourse, and had been erected in 1921, and was maintained by the defendant county; that the bridge was 32 feet in length along the roadbed and 11 feet and 5 inches wide between barriers built along both sides of the bridge; that, leading off from the bridge in the direction in which the plaintiff's husband was traveling, the roadway gradually widened from a width of 20 feet at the bridge to a width of 30 feet at a distance

Bridges, 9 C. J. p. 438, n. 10; p. 476, n. 72; p. 478, n. 93.
Dismissal and Nonsuit, 18 C. J. p. 1182, n. 72; p. 1187, n. 60.

of about 600 feet from the bridge; that this widening in the roadway was so gradual as to be imperceptible to an ordinary traveler along the highway; that the bridge was constructed of pine timber and "had weathered to an indistinct gray that blended with the surrounding scenery and faded into the landscape, giving the appearance of a continuous highway of unvarying width of thirty feet," and that one approaching the bridge "could not anticipate the presence of a bridge more narrow than the road, until one came very near, if not upon, said bridge;" that the approaching car of the defendants Howze and Shupe was traveling at a negligent rate of speed, of approximately 60 miles an hour, and, in violation of law, approached the bridge at a rate of speed in excess of ten miles an hour, and was not under immediate control. The plaintiff alleges that the law requires bridges on highways to be 16 feet in width, and that the maintenance by the county of the bridge at a width of only 11 feet and 5 inches was negligence as a matter of law. It is also alleged that the bridge, being only 11 feet and 5 inches in width, was too narrow to permit the passing of two vehicles thereon at the same time, and that, since the highway was a frequently traveled highway of the county and vehicles might reasonably be expected to meet at the bridge, the county was negligent as a matter of fact in maintaining a bridge of this width. It is alleged that the county maintained no signs warning travelers of the narrowness of the bridge. The plaintiff alleges the value of her husband's life and her damage as a result of his homicide. It is alleged that the defendant Howze, who was riding in the approaching car, was its owner and was directing and controlling the operation of the car, and that the defendant Shupe was driving the car as his employee.

General and special demurrers were interposed by all the defendants. Howze and Shupe demurred upon the ground that no cause of action was set out against the county, and that, as they were nonresidents of the county, the court had no jurisdiction over them. The demurrers were sustained and the petition dismissed as to all the defendants, and the plaintiff excepted.

*Waldo DeLoache,* for plaintiff.

STEPHENS, J. (After stating the foregoing facts.) 1. If no cause of action is set out against the County of Colquitt, the court has no jurisdiction over Howze and Shupe, as they are nonresidents

of that county. The only allegations of negligence on the part of the County of Colquitt are as to the narrowness of the bridge and the failure of the county to put out warning signs to travelers along the highway, calling attention to the narrow condition of the bridge. Counsel for the plaintiff, in support of their allegation that a legal duty rests upon the county to maintain its bridges at a width of 16 feet, rely upon section 634 of the Civil Code (1910), as follows: "All bridges or causeways over small watercourses, and causeways over swamps or lowlands, shall be made and kept in repair by hands subject to work on roads; the pieces shall be laid across the road at least sixteen feet long, well secured, made fast, and covered with earth." This section first appeared in this identical language in the first code of this State, which was adopted in 1863, where it appears as section 576. In the Code of 1873 this section is for the first time, by a marginal note, attributed to the act of 1818 as it appears in Cobb's Digest, p. 949. This probably is correct, as Hon. David Irwin, who was one of the compilers of the Code of 1873, was one of the compilers of the Code of 1863. This section, therefore, must be construed with reference to the act of 1818 as it appears in Cobb's Digest at the page cited. Nowhere in the act of 1818 is there any provision that bridges shall be 16 feet wide, but the act does provide for the repair of and work on the roads, causeways, and bridges in the State, designates what persons shall be liable for road work, and contains other provisions relative to road work in this State, and provides in terms that all causeways shall be at least 16 feet wide. Many of the sections of this division of the first code were made by the codifiers "without any or very little legislation as a basis," this being "necessary to give a better system to laws, and to harmonize with existing laws," as was stated by Judge Richard H. Clark, one of the codifiers, in his article entitled "The Georgia Code," published in his Memoirs, edited by Lollie Belle Wylie, p. 396. And see 7 Ga. Bar Asso. Rep. (1890) 144. This perhaps accounts for the fact that the verbiage of this section can not be found in the acts. Be this as it may, the code having been enacted into statute, this section has all the force and effect of statute law. Construing it in the light of its history, as well as with due regard to its own verbiage, it can mean no more than that causeways, and perhaps short bridges over small, narrow streams, must

be constructed of pieces laid across the roadway, 16 feet long, thus making the causeway or bridge 16 feet in width. All of these structures, whether small bridges or causeways, according to the provisions of this code section, must be covered with earth. This section certainly can have no reference to a bridge over a watercourse or ravine which is so wide as to necessitate the bridge being 32 feet in length, and thus being high enough to necessitate its being guarded by barriers along its sides. The County of Colquitt was under no lawful duty to construct or maintain the bridge at a width of 16 feet, or wider than its existing width of 11 feet and 5 inches.

2. Was the county negligent as a matter of fact in maintaining the bridge at a width of only 11 feet and 5 inches? A bridge is constructed primarily for the purpose of enabling travelers along a highway to get across streams or ravines (*Ellis* v. *Floyd County*, 24 *Ga. App.* 717, 102 S. E. 181), and it is not essential to this purpose that a bridge should be so constructed as to permit vehicles traveling in opposite directions to be upon the bridge simultaneously and to pass each other thereon. While it may facilitate travel for the county to construct a bridge of such a width as to permit the passing of meeting vehicles, it is not necessary that a bridge of such a width be constructed in order to afford a vehicular traveler a safe and convenient means of crossing over the bridge. A bridge so narrowly constructed as to prevent the passing of meeting vehicles thereon is therefore not a defective bridge. And since, under section 748 of the Civil Code (1910), a county is liable to travelers over bridges along the highways only for injuries caused from defective bridges, the county is not negligent, as respects a vehicular traveler over a bridge, in maintaining the bridge so narrowly constructed that an approaching vehicle will run into him while attempting to pass him on the bridge. The fact that the condition of the roadway and its surroundings at the approach to the bridge is such in appearance that a vehicular traveler approaching the bridge will be deceived as to its narrowness and run onto the bridge in the expectation of passing a vehicle already on the bridge, does not place any duty upon the county to change or readjust the bridge by widening it to such an extent as to permit two cars to pass each other on the bridge; nor does any duty rest upon the county to so readjust the

bridge as respects its appearance at the abutments as to prevent an approaching traveler from being deceived as to the narrowness of the bridge and the consequent inability of two meeting vehicles to pass on the bridge. If any duty rested upon the county when originally constructing the bridge to so adjust it to the terrain at the ends of the bridge as to obviate collisions between vehicles meeting upon the bridge, no question of negligence in this respect is here presented, since it does not appear that at the time of the construction of the bridge the alleged deceptive conditions at its approach were in existence. In fact, it affirmatively appears otherwise, as it is alleged in the petition that the bridge had "weathered to an indistinct gray that blended with the surrounding scenery and faded into the landscape."

3. No duty rested upon the county to maintain any signs warning travelers as to the alleged defective condition of the bridge. *Wilkes County* v. *Tankersley*, 29 *Ga. App.* 624 (116 S. E. 212).

4. Since the plaintiff's petition contains no allegation of negligence as against the defendant county, the demurrer interposed by the county was properly sustained and the petition properly dismissed. And since the petition alleges no cause of action against the county, the court had no jurisdiction to entertain a suit against the defendants Howze and Shupe, who were nonresidents of the county, and the demurrers interposed by them were also properly sustained.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*