18685. KNIGHT *v.* FLOYD COUNTY.

STEPHENS, J. The mere fact that a bridge, at its entrance on a highway, is narrower than the road, and that by reason of this discrepancy in width a vehicular traveler approaching the bridge and adhering to the outer edge of the road will fail to take the bridge and will fall from the road into a declivity on the side of the road at the entrance to the bridge, constitutes no defect in the bridge itself or in the abutments to the bridge, or in the manner in which the bridge is connected with the highway. See *Howington* v. *Madison County,* 126 *Ga.* 699 (55 S. E. 941). While the dangerous situation thus created is at the entrance to the bridge, and relates to the condition of the bridge as respects its width relatively to the road, the danger created, not by any defect in the maintenance of the bridge and its approaches, but solely by the excess in the width of the road over the width of the bridge and the road's close proximity under such conditions to the declivity at the

entrance to the bridge, all of which are independent of the construction and maintenance of the bridge and its approaches. Since a county is not liable to a traveler on a highway for injuries to him resulting from a defect in the roadway, but is liable to him only for injuries resulting from defects in bridges on the highway, as provided in the Civil Code (1910), § 748, the court, upon the trial of a suit against the county to recover damages because the automobile in which the plaintiff was traveling along the highway failed to take the bridge as a result of the road being wider than the bridge, and fell into the declivity on the side of the road at the entrance to the bridge, properly directed a verdict for the defendant. See, in this connection, *Smith* v. *Colquitt County*, 37 *Ga. App.* 222 (139 S. E. 682).

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 30, 1928.

*M. B. Eubanks,* for plaintiff.  *Graham Wright,* for defendant.