20497. MERIWETHER COUNTY *v.* GILBERT.

DECIDED JANUARY 16, 1931.

*N. F. Culpepper,* for plaintiff in error.
*Terrell & Terrell, R. A. McGraw,* contra.

JENKINS, P. J. This was a suit against a county for damages on account of loss of services of the plaintiff's five-year-old child, who was killed when an automobile driven by the plaintiff, and occupied by the child and other members of his family, was precipitated through an open span of a public bridge forming part of a public highway of the defendant county. It was alleged: that the bridge span had been washed away by heavy rains, occurring on

March 7 or 8, previous to the accident on April 14; that the county authorities knew of the condition of the bridge, or by the exercise of proper care should have known of it; that the plaintiff did not know of the condition of the bridge until he had driven onto it and had reached a point about fifty feet from the washout; that the bridge was wet and slippery, and he was driving a heavy car; and that on discovering the washout he endeavored to stop the car but was unable to do so. The petition showed that the bridge was approached by a public roadway, in which there was a sharp curve about fifty yards from the bridge, which led up an incline to the bridge proper. The court overruled a general demurrer to the petition, and the defendant excepted.

1. It is the duty of the county authorities to construct and maintain bridges across streams in a workmanlike and proper manner, so that any person may use them in safety, in ordinary travel (Civil Code of 1910, § 748; *County of Tattnall* v. *Newton,* 112 *Ga.* 779, 38 S. E. 47; *Stamps* v. *Newton County,* 8 *Ga. App.* 229 (5), 68 S. E. 947), and "a traveler on the public highway, exercising due care, although he knows there is some danger in driving over a defective bridge, may recover for injuries thus sustained, unless the danger is obviously of such a character that driving over the bridge, in and of itself, amounts to a want of ordinary care." *Elbert County* v. *Threlkeld,* 145 *Ga.* 133 (88 S. E. 683).

2. Questions as to diligence and negligence, including contributory negligence, and what negligence constitutes the proximate cause of the injury complained of, are questions peculiarly for the jury, such as this court will decline to solve on demurrer, except where such questions appear palpably clear, plain, and indisputable. *Southern Railway Co.* v. *Slaton,* 41 *Ga. App.* 759 (3) (154 S. E. 718), and cit. See also *Louisville & Nashville R. Co.* v. *Stafford,* 146 *Ga.* 206 (91 S. E. 26); *Central of Ga. Ry. Co.* v. *Larsen,* 19 *Ga. App.* 413 (91 S. E. 517).

3. While a county is under no duty to place signs warning of the defective condition of a bridge upon its highway, and a failure so to do could not be accounted negligence, still the absence of any such warning signs may be considered by the jury in determining whether or not a person approaching the bridge has exercised the care and diligence required of him to avoid injury. *Wilkes County* v. *Tankersley,* 29 *Ga. App.* 624 (3) (116 S. E. 212).

4. In the instant case the petition, which charged negligence against the defendant county in failing to keep the road and public bridge in a safe, passable condition for ordinary travel, and in allowing the washout in the bridge to remain for the period alleged by the petition, and in not placing guard-rails or barriers around the hole in the bridge, and in failing to give any warning by signs or otherwise of the dangerous condition of the bridge, set forth a cause of action good as against general demurrer; and it can not be said as a matter of law that the averments of the petition affirmatively show that the death of the plaintiff's son must necessarily have been proximately caused by negligence on the part of the plaintiff, the driver of the automobile, in driving around the curve in the road, and up onto the bridge, in violation of the act of the General Assembly approved August 23, 1927 (Ga. L. 1927, pp. 226, 236, sec. 12 (e, i).

5. Under the foregoing rulings, the court did not err in overruling the defendant's demurrer to the petition as amended.

*Judgment affirmed. Stephens and Bell, JJ., concur.*