## 22979. WARREN COUNTY *v.* BATTLE.

DECIDED JANUARY 17, 1934.

*E. P. & J. Cecil Davis,* for plaintiff in error.

*M. L. Felts, Miles W. Lewis,* contra.

JENKINS, P. J. 1. Although "a county is not liable to suit for any cause of action unless made so by statute," expressly or impliedly (Civil Code, 1910, § 384; *Millwood* v. *DeKalb County,* 106 *Ga.* 743, 32 S. E. 577), since the act of December 29, 1888, a county is "primarily liable for all injuries caused by reason of defective bridges, whether erected by contractors or county authorities." Civil Code, § 748 (Ga. L. 1888, p. 39); *Hackney* v. *Coweta County,* 117 *Ga.* 327, 328 (43 S. E. 725).

2. "County authorities are not insurers of the safety of county bridges, but are only bound to exercise ordinary care in maintaining and repairing them." *Warren County* v. *Evans,* 118 *Ga.* 200 (2), 201 (44 S. E. 986); *County of Tattnall* v. *Newton,* 112 *Ga.* 779, 781 (38 S. E. 47); *Early County* v. *Fain,* 2 *Ga. App.* 288 (2) (58 S. E. 528); *Stamps* v. *Newton County,* 8 *Ga. App.* 229 (5) (68 S. E. 947).

3. While the word "bridge" as used in section 748 of the Civil Code does not include the public road leading thereto, or a drain or opening thereunder, it does include "all the appurtenances necessary to its proper use, and embraces its abutments and approaches. That which is necessary as an approach, to connect the bridge with the highway, is an essential part of the bridge itself." *Howington* v. *Madison County,* 126 *Ga.* 699, 700 (55 S. E. 941); *Mitchell County* v. *Dixon,* 20 *Ga. App.* 21 (3), 28 (92 S. E. 405); *Nicholson* v. *Jackson County,* 20 *Ga. App.* 394 (2) (93 S. E. 30); *Ellis* v. *Floyd County,* 24 *Ga. App.* 717 (3) (102 S. E. 181); *Windom* v. *Colquitt County,* 37 *Ga. App.* 98 (139 S. E. 158). Accordingly in the instant action against a county for damage from the falling of an automobile-truck through an opening where a public bridge

had been, into a branch of ravine below, the petition was not demurrable, and the verdict for the plaintiff can not be deemed contrary to law or without evidence to support it, under the defendant's contention that the injury was not caused by reason of a "defective bridge" within the meaning of the statute, but resulted from the entire removal of the bridge, for which the county was not liable, since (without determining the soundness of such legal contention under the county's duty of maintenance if the bridge in fact had been wholly removed) the petition and the evidence showed that at the time of the injury at least a part of the bridge, to the extent of the sills leading thereto and constituting a portion of its "approaches," still remained, and the rest of the bridge was then in process of reconstruction or repair.

4. "A traveler on the public highway, exercising due care, although he may know there is some danger in driving over a defective bridge, may recover for injuries thus sustained, unless the danger is obviously of such a character that driving over the bridge, in and of itself, amounts to a want of ordinary care." *Elbert County* v. *Threlkeld,* 145 *Ga.* 133 (88 S. E. 683) ; *Lincoln County* v. *Gazzaway,* 43 *Ga. App.* 358 (2) (158 S. E. 647). "The duty resting on a person to avoid the consequences of another's negligence after it becomes apparent is not absolute, but is only a duty to exercise ordinary care to prevent the consequences of such negligence." *Hamrick* v. *Haralson County,* 41 *Ga. App.* 203 (3) (152 S. E. 581.) Under the rule of comparative negligence in section 4426 of the Civil Code, "failure to exercise ordinary care on the part of the person injured, before the negligence complained of is apparent, or should have been reasonably apprehended, will not preclude a recovery, but will authorize the jury to diminish the damages in proportion to the fault attributable to the person injured." *Western & Atlantic R. Co.* v. *Ferguson,* 113 *Ga.* 708 (39 S. E. 306, 54 L. R. A. 802) ; *Wynne* v. *So. Bell Tel. Co.,* 159 *Ga.* 623, 629, (126 S. E. 388). Questions as to diligence and negligence, including contributory negligence, and comparative negligence in reducing damages where that rule is properly involved, are all questions peculiarly for the determination of the jury. *Meriwether County* v. *Gilbert,* 42 *Ga. App.* 500 (2), 501 (156 S. E. 472). In the instant case the petition did not show on its face that a want of ordinary care by the plaintiff was the proximate cause of the in-

jury. There was evidence such as would have authorized but not demanded a finding that the county's negligence in not properly maintaining the bridge in question, and not the plaintiff's lack of ordinary care, caused the injury; or a finding, under the charge of the court as to the rule of comparative negligence, that, while the plaintiff was not negligent to a degree amounting to a want of ordinary care or to an extent equal to that of the defendant, he was to some extent at fault, so as to reduce his damages from the $350 claimed in his petition and supported by certain evidence to $150 as found in the verdict. The petition not being demurrable, and the verdict being thus sustained by evidence, under either theory of liability of the defendant, the trial court did not err in overruling the demurrers, and in denying the motion for a new trial upon the general grounds.

5. The mere failure to place signs or other warnings informing travelers of the defective condition of a bridge can not be accounted negligence; but the absence of such signs may be alleged in the petition, and may be considered by the jury, in determining whether or not a person approaching the bridge has himself exercised the care and diligence required of him to avoid injury. *Haralson County* v. *Hamrick,* 41 *Ga. App.* 196 (152 S. E. 583) ; *Wilkes County* v. *Tankersley,* 29 *Ga. App.* 624 (116 S. E. 212) ; *Meriwether County* v. *Gilbert,* supra; *Smith* v. *Colquitt County,* 37 *Ga. App.* 222 (3) (139 S. E. 682). The petition was not demurrable because of such allegations. Nor was it error, as complained in the motion for a new trial, to charge that, "before the plaintiff would be entitled to recover in this case, you must believe that the defendant was negligent in the way and manner set forth in plaintiff's petition, and that that negligence was the proximate cause of the damage sustained by plaintiff," and that, "if you should find that the defendant was negligent in the way alleged in plaintiff's petition and as a result thereof, the plaintiff's automobile was damaged, but should further find that a reasonably prudent man, situated as (the driver of the truck was), could have and would have avoided the damage, you should find for the defendant," and other similar language. The fact that the petition charged in the conjunctive, and not by alternative or disjunctive allegations, that the defendant was negligent in removing the bridge, and in parking a truck so close to the traveled part of the highway and bridge

that the plaintiff to avoid the same in approaching them on a curve and sharp decline was thus "prevented, . . in the operation of his own truck, from being able to give his attention to the observance of the bridge which he was approaching until after he had passed said highway truck," and that the defendant and its agents at work on the bridge "were negligent in failing to place warning signs on each side of said bridge to advise any persons who were approaching the same of the danger which awaited them at said bridge," did not render the instruction susceptible to the construction that the county would be liable if the jury believed that the defendant was negligent either in maintaining the truck close to the bridge, or in failing to place warning signs; for the averments of the petition, referred to in the charge, required that the jury should believe that the defendant was negligent in all other respects as set forth in the petition, including the essential and vital fact, charged in the 11th paragraph, that the defendant and its agents "were negligent in removing a part of said bridge under the circumstances herein alleged," and the additional summary in paragraph 15 of the preceding allegations, that "the negligence on the part of the defendant in leaving said bridge partly torn up and without plank covering thereon, under the circumstances hereinbefore set out, was the proximate cause of this petitioner's damage to his said truck." The allegations as to the want of signs and the presence of another truck or trucks left parked by the roadway did not render the petition bad; but they were proper for the consideration of the jury, as the judge instructed, under the rule previously stated, in determining whether or not the plaintiff, in approaching the bridge, himself exercised ordinary care and diligence, and if so, whether his fault was sufficient to subject him to a reduction of damages under the comparative negligence rule, as elsewhere instructed in the charge. The instruction was neither erroneous nor prejudicial to the defendant under any view.

6. The remaining (2d special) ground of the motion for a new trial is expressly abandoned in the brief for the plaintiff in error.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*