## 24115. BRAWNER *v.* DOUGLAS COUNTY.

DECIDED JANUARY 7, 1935.

*H. C. Holbrook, Astor Merritt,* for plaintiff.
*R. H. Hutcheson,* for defendant.

JENKINS, P. J. This is a suit against a county for the value of the life of the plaintiff's husband, who, as the petition alleges, was drowned at night by stepping from a public road into a flooded stream at a place where the county had constructed and maintained a bridge, which had been washed away. Other material averments are: that the bridge was about 12 feet wide and 18 feet long, including the supporting ends, which extended about 4 feet on each end upon the banks of the stream; that the stream was a bold creek, with a fall of about 10 feet of water over many shoals and rocks for a distance of 300 yards, and flowed between two steep hills, footing at the banks of the stream and extending for about 150 yards on each side of the creek, which causes "much water to collect in said creek when large rains come, and on account of the fall in said creek said collected water creates a very violent and powerful torrent;" that the color of the floor of the bridge with grey soil thereon was approximately the color of flowing water; that after the plaintiff's husband had passed over the bridge in the afternoon, a large rain fell, much water was collected, and a great torrent floated the bridge off its foundations about its width down the stream; and that the deceased was drowned on his return

trip at night on the same date. While the petition alleges negligence in failing to construct hand-rails or a guard along the side of the bridge, so that persons crossing at night could have protection and thereby see that the bridge was present or missing, the negligence chiefly relied upon was failure by the county to fasten the bridge by cables or otherwise to foundations, buttresses, or anything, so as to prevent it from being floated away by water collecting in the creek. There is no averment or contention that the county had any express or implied notice as to the sudden washing of the bridge from its position, or that the county was negligent in failing to maintain any light or warning for the protection of night travelers, other than as alleged. The court sustained the general demurrer of the county, which set up that the petition showed an act of God, of which the defendant had no notice in time to replace or repair the bridge, but no actionable negligence.

While it is true that an act of God, in order to constitute a defense, must exclude the idea of human agency, that a defendant may be held liable where the proximate cause of the injury is not only such an act but his own concurrent negligence, that "an ordinary freshet is not the act of God" (*Central of Ga. Ry. Co. v. Hall,* 124 *Ga.* 322 (8), 332, 52 S. E. 679, (4 L. R. A. (N. S.) 898, 110 Am. St. R. 170, 4 Ann. Cas. 128), and that "it is the duty of the proper county authorities to construct and maintain bridges across streams in a workmanlike and proper manner, so that any person may use them with safety, in ordinary travel . . , this duty is not one of extraordinary care and diligence, nor does its exercise extend to extraordinary occasions, beyond the ken of general experience. The law does not make the county authorities insurers of the safety of any of those who use bridges . . . A lack of railing commonly gives no right of action." *Corley* v. *Cobb County,* 21 *Ga. App.* 219, 222 (93 S. E. 1015) ; *Stamps* v. *Newton County,* 8 *Ga. App.* 229 (68 S. E. 947) ; *Warren County* v. *Battle,* 48 *Ga. App.* 240 (2) (172 S. E. 673). The petition shows that much water would collect in the creek when large rains came, and that, on account of the physical surroundings of the hills and the nature of the stream, the collected water would create a violent and powerful current; but it does not appear that the water before the catastrophe had ever risen to a level with the banks on which the bridge rested, or that the nature of the stream or surroundings

330

rendered this likely to happen, so as to float the bridge from its location, or that the defendant was chargeable with any notice or knowledge that the fatal event might happen in ordinary course. The washing away of the bridge, if not an act of God, was nevertheless, under the petition, such an extraordinary occasion, which in the usual course of events would not have happened, that the county, under the above authorities, can not be held liable for a failure to anticipate and take measures against such an unforseeable occurrence by fastening the bridge with cables or otherwise to buttresses, foundations, or other supports.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*