### 24697. COX *v.* WARE COUNTY.

DECIDED OCTOBER 26, 1935.

*Herbert W. Wilson, E. O. Blalock,* for plaintiff.
*J. H. Quarterman, W. C. Parker,* for defendant.

JENKINS, P. J. 1. Under the act of 1888 (Ga. L. 1888, p. 39), embodied in the Code of 1933, § 95-1001, making counties "primarily liable for all injuries caused by reason of any defec-

tive bridges, whether erected by contractors or county authorities," it is the duty of the county authorities to construct and maintain bridges built since that enactment, in a workmanlike and proper manner, so that any person may use them in safety in ordinary travel. *Lincoln County* v. *Gazzaway,* 43 *Ga. App.* 358 (2) (158 S. E. 647) ; *Meriwether County* v. *Gilbert,* 42 *Ga. App.* 500 (156 S. E. 472). However, "county authorities are not insurers of the safety of county bridges, but are only bound to exercise ordinary care in maintaining and repairing them." *Warren County* v. *Evans,* 118 *Ga.* 200 (44 S. E. 986) ; *Warren County* v. *Battle,* 48 *Ga. App.* 240 (2) (172 S. E. 673); *Stamps* v. *Newton County,* 8 *Ga. App.* 229, 230 (68 S. E. 947). The duty of making a bridge safe for ordinary travel does not generally require that a bridge be constructed or maintained so as to sustain unusual, extraordinary, or unexpected loads, which would not reasonably be anticipated by the county authorities, but only that the bridge be kept of sufficient strength to sustain loads which, from the nature of the travel, the business of the road, and the occupations of the locality where it is situated, are likely to be imposed on it. 9 C. J. 478-480, and cit. If the county authorities, however, have actual knowledge or express or implied notice that a bridge is to be used or is being used by trucks of unusual weight in travel over the bridge in its locality, it then becomes the duty of the authorities to exercise ordinary care in prohibiting or warning against such use, or in maintaining and repairing the bridge for safe travel by such trucks and their occupants. Except in clear cases, whether these duties of anticipation and the exercise of ordinary diligence, under all the facts and circumstances, were performed by the county, are questions of fact for the jury rather than of law. 9 C. J. 492, 495.

2. In the instant suit against a county, for personal injuries sustained in the fall of a truck through a county bridge over a creek, when one of the sills and some of the boards on the left side of the bridge broke under the weight of the truck, it was undisputed that the truck with its load of rosin and turpentine and the men thereon, including the plaintiff, weighed between 11,000 and 12,000 pounds. There was testimony, however, from one of the defendant's witnesses, who was an inspector of the county bridges, that the county "had a great deal of trouble because of

heavy loads coming out" from the turpentine still where the load in this case originated, and that they tried to "inspect the bridges two or three times a month, especially where there were heavy loads being hauled over them." Other witnesses for the plaintiff testified that, during at least two years preceding the injury, turpentine trucks carrying as heavy or heavier loads than the one in question had often crossed the bridge without damage. The testimony as to what, if any, inspections and repairs of the bridge had previously been made by the county, as to the cause of the bridge giving way, and as to the sound or rotten condition of the broken still, was conflicting. Under all the evidence, a verdict would have been authorized, but not demanded, for either party. Therefore the court did not err in denying a new trial on the general grounds, after a verdict in favor of the defendant.

3. The following instruction was given to the jury: "It is for you to determine as to what kind of bridge should have been maintained by the defendant at the place of the alleged injury in the exercise of ordinary care and diligence. That is to say, it is for you alone to determine from the facts and circumstances of this case whether it was the duty of the defendant to maintain at that point any bridge at all; and if you find the defendant was under a duty to maintain a bridge at said point, then it is for you to determine the kind, character, and load capacity of such bridge as the defendant in the exercise of ordinary care and diligence should have maintained." Exception is taken to this charge, as erroneously leaving to the jury the question whether the county should have maintained "any bridge at all" at the place of its location, since, after determining to do so and thereafter building a bridge, it necessarily became the duty of the county to exercise ordinary care in keeping it in proper repair; and leaving to the jury the determination of "the kind, character, and load capacity of such bridge." Under the preceding rulings and the testimony given that a bridge at the place of the accident had been already actually built, and the testimony offered in behalf of the plaintiff that for a number of years, and with the knowledge of the county, heavier loads than that on which the plaintiff was riding were accustomed to pass over the bridge, it was not a question for the jury to determine whether or not it was the duty of the county to provide any bridge at all at the place indicated, and, if so, what

character and load capacity was proper; but under the evidence it was for the jury to find whether or not the county was charged with knowledge that the bridge actually constructed by it was adequate and was properly maintained in order to serve the traffic loads which under the plaintiff's evidence were permitted. The charge as given might have been taken to mean that if the jury considered that it was not incumbent on the county to provide a bridge of the strength and of the character necessary to sustain the loads, known to be customarily using the bridge, the county would not be liable; whereas the question was whether the bridge as actually constructed was reasonably adequate to the loads to which it was known to be actually subjected with the implied approval of the county.

4. Other special grounds as to instructions, referring to the bridge as "small;" the use of the term "legal preponderance" of the evidence instead of "preponderance;" the statement of the elements which the jury should consider in determining the credibility of the witnesses; and the charge that, "if you should find from the evidence that *the negligent acts of any agent of the plaintiff* were not the proximate cause of any injuries received by the plaintiff, but contributed thereto," then the jury should apply the rule of diminution of damages in decreasing the plaintiff's recovery, the italicized portion of which it is contended expressed an opinion that the acts of the truck driver were "negligent," and invaded the province of the jury,—all fail to show any error or any prejudice to the plaintiff.

*Judgment reversed. Stephens and Sutton, JJ., concur.*