31266.  BERRIEN COUNTY *v.* VICKERS.

864

DECIDED JUNE 6, 1946.

*Eugene Cook, attorney-general, Beverly Irwin, L. C. Groves, assistant attorneys-general, J. P. Knight,* for plaintiff in error.

*H. B. Edwards, H. B. Edwards Jr., Franklin, Eberhardt & Barham,* contra.

SUTTON, P. J. (After stating the foregoing facts.) ■ It is true, as contended by the plaintiff in error, that "A county is not liable to suit for any cause of action unless made so by statute." Code, § 23-1502. But it has been provided by statute, the act of December 29, 1888 (Ga. L. 1888, p. 39), "that in every case the county shall be primarily liable for all injuries caused by reason of any defective bridges, whether erected by contractors or county authorities." Code, § 95-1001. The term "bridge," as used in said Code section, "includes all the appurtenances necessary to its proper use, and embraces its abutments and approaches. That which is necessary as an approach, to connect the bridge with the highway, is an essential part of the bridge itself." *Howington* v. *Madison County,* 126 *Ga.* 699 (55 S. E. 941); *Warren County* v. *Battle,* 48 *Ga. App.* 240 (172 S. E. 673); *Lumley* v. *Pollard,* 61 *Ga. App.* 681, 690 (7 S. E. 2d, 308).

■ Where a county, or State Highway Department as in the present case, negligently leaves road machinery on the abutment

or approach to a bridge, so as to render it dangerous for automobiles to travel thereon, and cause injuries to a person undertaking to cross the bridge.in an automobile, such dangerous condition in the bridge is a defect in the bridge within the meaning of the Code, § 95-1001, which makes a county liable for injuries caused by a defective bridge. *Bibb County* v. *Worthen,* 177 *Ga.* 178 (169 S. E. 751); *Havird* v. *Richmond County,* 176 *Ga.* 722 (168 S. E. 897); *Havird* v. *Richmond County,* 47 *Ga. App.* 580 (171 S. E. 220). "A suit may be maintained against the county and a verdict and judgment obtained against it for damages resulting from a defect in a bridge, although it may appear that jurisdiction over the highway on which the bridge was located had been assumed by the Highway Department under the terms of the law, and that the Highway Department, and not the county, was guilty of negligence, in the maintenance and construction of the bridge or its approaches, which caused the injury." *Calhoun* v. *Dooly County,* 65 *Ga. App.* 482, 485 (15 S. E. 2d, 816). The State Highway Department, when vouched into court, shall defend all suits and be responsible for all damages awarded against any county, under existing laws, whenever the cause of action originates on highways, jurisdiction over which shall have been assumed by said Highway Department, under the terms of the law. In contemplation of law, the negligence charged against the department or its employees is the negligence of the county.

■ But it is contended by the plaintiff in error that the structure described in the petition and alleged to be a bridge is not a bridge at all, but is a culvert. If it is a bridge, the petition was not subject to the defendant's demurrer. If it is a culvert, the court erred in overruling the demurrer. Is the structure described in the petition a bridge within the meaning of that term as used in the Code, § 95-1001? That is the controlling question in this case. It was ruled by this court in *Ellis* v. *Floyd County,* 24 *Ga. App.* 717, 718 (3) (102 S. E. 181), "The word 'bridge' in the statute of this State, giving a right of action against a county for defective construction, means a bridge used as an instrumentality for travel along a highway and for crossing streams or ravines." The word "bridge" has been defined by the courts in a number of our States. In Smith *v.* Hamilton, 231 Ill. App. 482, a bridge is defined as follows: "A 'bridge' is a structure usually of wood, stone, brick, or iron erected over a river or other watercourse, or

over a ravine, railroad, etc., to make a continuous roadway from one bank to the other." The same definition of a bridge is laid down in Dubourdieu v. Delaware Tp. of Wyandotte County, 106 Kan. 650 (189 Pac. 386), and in Madison County Commissioners v. Brown, 89 Ind. 48, and in Town of Tolland v. Willington, 26 Conn. 578. Also see, vol. 5, page 800, Words & Phrases (Perm. ed.), and 8 Am. Jur. 910, § 2. In 11 C. J. S. 983, Bridge, § 1, a definition similar to those above is given, viz: "Broadly speaking, however, a bridge may be defined as a structure of wood, iron, brick, or stone, ordinarily erected over a river, creek, pond, or lake, or over a ravine, railroad, canal, or other obstruction in a highway, so as to make a continuous roadway and afford to travelers a convenient passageway from one bank to the other."

■ The structure here involved and alleged to be a bridge is made of concrete. It is 28 feet and 6 inches in length along said highway, is 37 feet and 8 inches wide, is 9 feet high, and spans a stream 26 feet wide. The opening under the structure is 7 feet in height. It has a concrete floor 12 inches thick, and there are two head walls on each side of the structure 1 foot and 4 inches in width, and running lengthwise along the top of the structure, and the surface of the roadway over the floor of the structure is flush with the top of the head-wall and rises in height approximately 8 inches from the side to the center of the roadway. This structure of concrete erected over Thigpen Creek, so as to make a continuous roadway and to afford to travelers a convenient passageway from one bank to the other of said stream, is, in our opinion, a bridge, and we so hold as a matter of law in this case.

The fact that the structure had 12 inches of dirt and asphalt paving on top of its concrete floor does not constitute or make it a culvert, instead of a bridge. The cases of *Parker* v. *Spalding County*, 134 *Ga.* 69 (67 S. E. 404), *Hubbard* v. *County of Fulton*, 144 *Ga.* 363 (87 S. E. 281), and *Montgomery County* v. *Seaboard Air-Line Ry. Co.*, 41 *Ga. App.* 130 (152 S. E. 261), cited and relied on by the plaintiff in error, are clearly distinguishable on their facts from the present case, and the rulings in those cases are without application to the facts alleged in this case.

■ It follows that the court did not err in overruling the demurrer to the petition.

*Judgment affirmed. Felton and Parker, JJ., concur.*