40866, 40867.   STONE v. McMEEKIN ·CONSTRUCTION
COMPANY et al. (two cases).

PANNELL, Judge.   1.   The present companion cases are here on separate bills of exceptions, each bill of exceptions being brought by the single plaintiff· in the respective suits against the same defendants assigning error on the sustaining of the defendant's general demurrers to the respective petitions. A motion is made to dismiss the two bills of exceptions under authority of § 5 of Georgia Laws 1957, pp. 224, 234 (*Code Ann.* § 6-919), and *Scales v. Peevy*, 103 Ga. App. 42 (118 SE2d 193), and *Life Ins. Co. of Ga. v. Blanton*, 109 Ga. App. 116 (135 SE2d 437) construing said Act.   This Act relates solely to the requirements necessary· for the filing of a single bill of exceptions· by two different plaintiffs in error. Here we have no such situation.   The motion to dismiss is denied.

2.  "While a county is not liable to suit unless made so by statute, it has been provided by a statute of this State that a county is primarily liable for all injuries caused by reason of any defective bridges, whether ·erected by contractors or county authorities;   .   .   ."   *Berrien County v. Vickers*, 73 Ga. App. 863 (38 SE2d 619).   "When the contract for a public bridge, ferry, or causeway is let, the contractor's bond shall be conditioned· also to keep it in good repair for at least seven years, and as many more years as may be covered by the contract:  Provided, that such contract may be let under existing laws without requiring the aforesaid condition in the contractors' bonds, if in the opinion of the commissioners of roads and revenues, or of the ordinary in counties where there are no such commissioners, it would be to the public interest to dispense with said condition in said bond:  Provided, however, that in every case the county shall be primarily liable for all injuries caused by reason of any defective bridges, whether erected by contractors or county authorities. The term 'bridges' in this section shall be defined as a structure erected to afford unrestricted ·vehicular traffic· over an obstruction in the public highways of the State, including rivers, streams, ponds, lakes, bays, ravines, gullies, railroads, public highways and canals; the term bridge as defined in this section shall include the approaches to the structure previously defined within 50 feet of either end of said struc-

ture except where the bridge itself measures 100 feet or more and in said event within 100 feet of either end of said structure." *Code Ann.* § 95-1001. The language of the statute, "that *in every case* the county shall be primarily liable for all injuries caused by reason of *any defective bridges,* whether erected by contractors or county authorities," is plain and unambiguous and must be construed to include temporary as well as permanent bridges.

3. "It is the duty of the proper county authorities to construct and maintain bridges across streams in a workmanlike and proper manner, so that any person may use them with safety, in ordinary travel, but this duty is not one of extraordinary care and diligence, nor does its exercise extend to extraordinary occasions, beyond the ken of general experience. The law does not make the county authorities insurers of the safety of any of those who use bridges." *Stamps v. Newton County,* 8 Ga. App. 229 (5) (68 SE 947). *Lincoln County v. Gazzaway,* 43 Ga. App. 358, 359 (158 SE 647) ; *Cox v. Ware County,* 52 Ga. App. 45, 46 (182 SE 408) ; *Grady County v. Banker,* 81 Ga. App. 701 (6) (59 SE2d 732).

4. "In a suit against a county for damage alleged to have been caused by a defective bridge, the plaintiff cannot recover unless the proper county authorities had knowledge of the defective condition, or unless the defect had existed for such a length of time that knowledge thereof on the part of the county authorities would be presumed (*Stamps v. Newton County,* 8 Ga. App. 230 (3b), 68 SE 947) ; and it is a jury question as to what length of time a defect in a bridge must exist before a county is charged with knowledge of negligence. *City of Rome v. Brooks,* 7 Ga. App. 244 (66 SE 627) ; *Enright v. Atlanta,* 78 Ga. 289." *Nunez v. Emanuel County,* 22 Ga. App. 219 (95 SE 718).

5. "A defect in a bridge, which serves as the basis for liability by a county for injuries received by reason thereof, includes any condition of the bridge which renders the bridge unsafe for travelers passing over the bridge." *Havird v. Richmond County,* 47 Ga. App. 580 (3) (171 SE 220).

6. While a county may be under no duty to place signs warning of the defective condition of a bridge upon its highway, and a failure to so do might not be accounted negligence, *Wilkes County v. Tankersley,* 29 Ga. App. 624 (3) (116 SE 212), *Newberry v. Hall County,* 52 Ga. App. 472 (6) (183

SE 664), still the absence of any such warning signs may be considered by the jury in determining whether or not a person approaching the bridge has exercised the care and diligence required of him to avoid injury. *Meriwether County v. Gilbert,* 42 Ga. App. 500 (156 SE 472). And the fact that the county is under no such duty does not relieve the contractor of a duty to erect warning signs although his duty to erect warning signs might be limited to that portion of the highway under his control as decided in *Murdock v. Ledbetter-Johnson Co.,* 105 Ga. App. 551 (1) (125 SE2d 99), and *Ledbetter-Johnson Co. v. Thacker,* 108 Ga. App. 300 (132 SE2d 838). Neither of these two cases controls the present case insofar as the duty of the contractor to place warning signs upon that portion of the highway under his control. In the *Murdock* case, it was held that the failure to erect signs on a highway intersecting that on which the contractor was working was not a breach of duty on the part of the contractor in view of the Act approved December 2, 1953 (Ga. L. 1953, Nov. Sess., p. 367; *Code Ann.* § 95-604) which gives the State Highway Board exclusive authority and jurisdiction over the erection and maintenance of signs, including warning signs; and, in the *Thacker* case, the decision relieving the contractor from placing warning signs on that portion of the highway in his control was based upon the allegations of the petition and the construction placed thereon by this court that the sole proximate cause of the injuries to the plaintiff was the break in the pavement and rough road 150 feet before the plaintiff arrived at that portion of the road (a barricade) under the control of the contractor.

7. General allegations of negligence are sufficient to withstand a general demurrer. *Pullman Palace Car Co. v. Martin,* 92 Ga. 161 (18 SE 364).

8. "A suit may be maintained against a county and a verdict and judgment obtained against it for damages resulting from a defect in a bridge, although it may appear that jurisdiction over the highway on which the bridge was located had been assumed by the Highway Department under terms of law, and that the department, and not the county, was guilty of the negligence in the maintenance and construction of the bridge or its approaches which caused the injury; for, in contemplation of the law, the negligence charged against the Highway Department is the negligence of the county." *Ber-*

*rien County v. Vickers,* 73 Ga. App. 863, 864 (2a), supra. The State Highway Department, however, may be vouched into court under the provisions of *Code Ann.* § 95-1710, and becomes responsible for any damages awarded against the county. *Lincoln County v. Gazzaway,* 43 Ga. App. 358, 359, supra; *Pike County v. Matthews,* 49 Ga. App. 152 (174 SE 642).

9. It follows, therefore, that the trial court erred in sustaining general demurrers to the petitions against a county and a contractor alleging that the proper authorities of the county in conjunction with the State Highway Department of Georgia entered into a contract with the contractor for the building of a new bridge over a stream and for the construction of a temporary bridge to be used while the new bridge was being built, and that a temporary wooden bridge was constructed and open for traffic, although some work was still being done thereon, sometime prior to December 26, 1962, when plaintiffs were injured as a result of their automobile skidding on the bridge; that the temporary bridge was constructed with heavy wooden planks placed on the top of pilings and that the planking used on the floor of the bridge was of such quality that when the lumber became either wet or damp it became exceedingly slippery so that it was not safe for vehicular traffic; that the defendant contractor was put on notice prior to December 26, 1962, of the slippery condition of the planking; that during the interim between the time the temporary bridge was opened, which was on or about December 19, 1962, and December 26, 1962, several automobiles were damaged as the result of the slippery condition of the bridge surface; that the defendants knew, or should have known, of the dangerous and defective condition of the bridge when it became moist and each of the defendants was negligent in not placing signs along the approaches showing the dangerous and slippery condition of the bridge; that on December 24, 1962, two days before plaintiffs' injuries, an automobile traveling over the temporary bridge turned over on its top, skidded along the surface of the bridge spilling oil from its crank case and the already slippery condition of the bridge was worsened by the oil which had spilled, portions of which were still on the bridge which had not been cleaned by defendants, and that the defendants were negligent as follows: (a) In not finishing off the bridge so as to prevent the

same from becoming slippery when it became either wet or damp. (b) In failing to use material or materials for the floor of the bridge so as to prevent the bridge passageway from becoming slippery and dangerous to vehicular traffic. (c) In failing to warn the general public and plaintiff of the unsafe and dangerous condition of the bridge so that injuries of this nature would not occur. (d) In failing to provide a safe temporary structure across the said Turner's Creek in Chatham County, Georgia, which failure was the sole and proximate cause of plaintiff's damages.

*Judgments reversed. Felton, C. J., and Frankum, J., concur.*

DECIDED OCTOBER 9, 1964—REHEARING DENIED OCTOBER 27, 1964.

*David H. Fritts*, for plaintiffs in error.

*Bouhan, Lawrence, Williams & Levy, Walter C. Hartridge, III, Eugene Cook, Attorney General, Richard L. Chambers, E. J. Summerour, Assistant Attorneys General, John W. Sognier*, contra.