DECIDED MARCH 16, 1928.

Conyers & Gowen, for plaintiff in error.

Tyson & Tyson, contra.

18374. SEABOARD AIR-LINE RAILWAY CO. v. MCINTOSH COUNTY et al.

BELL, J. 1. Where a levy of taxes by the county authorities included an item "to pay legal indebtedness of the county due, past due, and to become due during the year, 8 mills," it was permissible to amend the levy by explaining that five mills of this amount should "be applied to the bonded indebtedness of the county and the remaining three mills to other indebtedness." See Ala. Great So. R. Co. v. Wright, 34 Ga. App. 639 (130 S. E. 918), and cit.

2. On the other hand, a subsequent amendment, by which it was sought to reduce the levy for certain purposes and to add the equivalent of the reduction to items levied for separate and distinct purposes, amounted, under the facts appearing, to a new levy affecting only the plaintiff in error and other delinquent taxpayers, after "approximately all or about four fifths of the taxes had been collected," and, upon the trial of the issue formed by the affidavit of illegality, the court properly refused to consider this amendment for any purpose, either for or against the plaintiff in error.

3. The first amendment of the tax levy in this case being legitimate and proper, the levy as thus amended (being for the year 1924) embraced the following items: to pay legal indebtedness of the county due, past due, and to become due during the year, 3 mills; to pay the lawful fees of coroner, sheriff, and other officers, ½ mill; to pay expenses of bailiffs, nonresident witnesses, fuel, stationery, and the like, ½ mill; to pay the per diem of jurors, 1 mill; aggregating 5 mills; which was 100 per cent. of the State tax. Held: The levy as so amended was not illegal as being in excess of the amount of tax which the county authorities were authorized to levy for such purposes, irrespective of any action or recommendation by the grand jury. See, in this connection, Seaboard A.-L. Ry. Co. v. McIntosh County, ante, 43.

4. The court did not err in rendering judgment against the affidavit of illegality.

Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.

DECIDED MARCH 16, 1928.

*Conyers & Gowen,* for plaintiff in error.

*Tyson & Tyson,* contra.