19725. MONTGOMERY COUNTY *et al.* v. SEABOARD AIR-LINE RAILWAY COMPANY.

JENKINS, P. J. 1. Even after the generality of the taxpayers of a county have paid the taxes levied for a given year, it is permissible for the county taxing authorities to amend an item of the levy so as to set forth and explain the purposes to which the revenue to be raised is to be put, provided that the purpose for which the levy is made and the amount to be paid by each taxpayer is in no wise changed. *Seaboard Air-Line Ry. Co.* v. *McIntosh County,* 38 *Ga. App.* 44 (142 S. E. 698); *Southern Ry. Co.* v. *Whitfield County,* 38 *Ga. App.* 703 (145 S. E. 668). Thus, where the original levy was 85 cents on the $100 "for building, repairing, maintaining, and operating the ferry boats and ferries and other public improvements according to contract." It amounted only to an explanation of the levy to amend it by providing that "83 cents on the $100 shall be for building, repairing, and maintaining the bridges and other similar improvements of said county, such as piping and water-boxes and culverts for drainage purposes across the public roads of said county; and 2 cents on the $100 for building, maintaining, and operating the ferry boats and ferries of said county according to contract." Accordingly, the validity or invalidity of the levy will be determined as if the language of the amendment had been embraced in the original levy.

2. Piping and water-boxes and culverts *for drainage purposes across the public roads* are not "bridges" within the meaning of the law. *Parker v. Spalding County*, 134 *Ga.* 69 (67 S. E. 404); *Hubbard .v. Fulton County*, 144 *Ga.* 363 (87 S. E. 281). Accordingly, the item in dispute, in so far as it undertook to levy a tax for "piping and water-boxes and culverts for drainage purposes," was not a levy to "build or repair court-houses or jails, bridges or ferries, or other public improvements, according to contract," but was a levy for road purposes, and since, by another item of the levy, the full levy of forty cents on the $100, authorized by the Civil Code (1910), § 696, for public road purposes (the alternative road law being in operation in the county) was made, and since the per cent. of such levy for "building, repairing and maintaining the bridges and other similar improvements" to be used for such lawful purposes, and the per cent. thereof to be used for such unlawful purposes are not specified, the entire levy of 83 cents must necessarily be held void. Civil Code (1910), § 514; *Central of Ga. Ry. Co.* v. *Wright*, 33 *Ga. App.* 96, 99 (125 S. E. 520). Likewise, and for the same reasons, the portion of such item of the tax levy as amended, making a levy of 2 cents on the $100 for "building, maintaining and operating the ferry boats and ferries of said county according to contract," was. illegal and void, since so much of such levy as was for the purpose of "operating" the ferries and ferry boats of the county was unauthorized under the Civil Code (1910), § 513 (2).

3. According to the agreed statement of facts, item 11 of the levy of "12-1/2 cents on the $100 for painting, repairing, wiring, pumping water, and otherwise maintaining the court-house and jail of said county" included "levy to cover expenses of operating the water system, to pump water to the court-house and jail for sewerage and drinking purposes during the year—such as salaries for operator, oil, fuel and the like." This item, therefore, consisted of a levy in part 'for current expenses and in part for other purposes authorized by the Civil Code (1910), § 513 (2), and since the per cent. for such separate purposes was not specified, the court properly held the entire item void as failing to specify the purposes for which it was made.

4. Under the foregoing rulings, the court did not err in sustaining the affidavit of illegality.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 15, 1930.

*M. B. Calhoun,* for plaintiffs. *W. S. Mann,* for defendant.