36998.  FLOYD COUNTY *v.* STEWART *et al.*

Decided January 21, 1958—Rehearing denied January 31, 1958.

*Oscar M. Smith, John W. Maddox,* for plaintiff in error.
*Maddox & Maddox, Wright, Rogers, Magruder & Hoyt,* contra.

QUILLIAN, Judge. 1. The plaintiff insists that the defendant is liable under Code (Ann.) § 95-1001 which provides: "When the contract for a public bridge, ferry, or causeway is let, the contractor's bond shall be conditioned also to keep it in good repair for at least seven years, and as many more years as may be covered by the contract. Provided, that such contract may be let under existing laws without requiring the aforesaid condition in the contractors' bonds, if in the opinion of the commissioners of roads and revenues, or of the ordinary in counties where there are no such commissioners, it would be to the public interest to dispense with said condition in said bond: Provided, however, that in every case the county shall be primarily liable for all injuries caused by reason of any defective bridges, whether erected by contractors or county authorities. The term 'bridges' in this section shall be defined as a structure erected to afford unrestricted vehicular traffic over an obstruction in the public highways of the State, including rivers, streams, ponds, lakes, bays, ravines, gullies, railroads, public highways and canals; the term bridge as defined in this section shall include the approaches to the structure previously defined within 50 feet of either end of said structure except where the bridge itself measures 100 feet or more and in said event within 100 feet of either end of said structure."

The basis of this contention is that the dirt embankment placed upon the highway was within fifty feet of the place where the culvert had been removed and constituted the negligent maintenance of the approach to a bridge. The petition alleged that a culvert was removed from beneath the highway in contemplation that a bridge would be built in its stead. The petition also alleged that the place referred to was a bridge, and the culvert was placed beneath the highway to afford unrestrictive vehicular traffic, and to allow free passage of water under the highway. These allegations, while in form conjunctive, were alternative allegations because a culvert and a bridge are not the same, even though they may serve the same purpose. *Montgomery County v. Seaboard Air Line Ry. Co.*, 41 *Ga. App.* 130, 131 (2) (152 S. E. 261); *Parker v. Spalding County*, 134 *Ga.* 69 (67 S. E. 404); *Hubbard v. County of Fulton*, 144 *Ga.* 363 (1) (87 S. E. 281).

The case of *Berrien County* v. *Vickers,* 73 *Ga. App.* 863, 868 (38 S. E. 2d 619) defines a bridge in language very similar to that employed in Code § 95-1001. In that case a structure "28 feet and 6 inches in length along said highway, is 37 feet and 8 inches wide, is 9 feet high, and spans a stream 26 feet wide. The opening under the structure is 7 feet in height. It has a concrete floor 12 inches thick, and there are two head walls on each side of the structure 1 foot and 4 inches in width, and running lengthwise along the top of the structure, and the surface of the roadway over the floor of the structure is flush with the top of the head-wall and rises in height approximately 8 inches from the side to the center of the roadway" was held to be a bridge, but the description found there is no precedent for holding that a culvert installed ten feet below the road constituted a bridge.

In *Overton* v. *Alford,* 210 *Ga.* 780, 782 (82 S. E. 2d 836) it is held: "Where pleadings are ambiguous or couched in alternative expressions, on demurrer they will be given that construction which is most unfavorable to the pleader. Accordingly, where two matters are pleaded in the disjunctive, one of which is good and the other not, the petition is to be treated as pleading no more than the latter, under the rule that the pleadings must be construed most strongly against the pleader."

Construing the petition most strongly against the pleader it must be assumed that the structure in question was a culvert and not a bridge.

A bridge not having been constructed to replace the culvert which had been removed, under the holding in *Johnson County* v. *Hicks,* 73 *Ga. App.* 238 (36 S. E. 2d 116) we are constrained to hold that the defendant is not liable under Code § 95-1001 because such liability must be based on the negligent maintenance of either an old bridge or a new one built in its place. *Warren County* v. *Evans,* 118 *Ga.* 200 (44 S. E. 986).

2. The petition also alleged that the ditch across the highway constituted a continuing nuisance; assuming that it was, this would not constitute a cause of action in this case. *Felton* v. *Macon County,* 43 *Ga. App.* 651, 653 (159 S. E. 730); *Bibb County* v. *Green,* 42 *Ga. App.* 552 (156 S. E. 745); *Floyd County* v. *Fincher,* 169 *Ga.* 460, 462 (150 S. E. 577).

The judge erred in overruling the general demurrer as to the defendant, Floyd County.

*Judgment reversed. Felton, C. J., and Nichols, J. concur.*