43662.   BANKS v. CHAMPION.

SUBMITTED MAY 8, 1968—DECIDED JUNE 7, 1968—
REHEARING DENIED JUNE 25, 1968—

*Robert Edward Surles,* for appellant.

*Chance, Maddox & Collins, R. F. Chance,* for appellee.

JORDAN, Presiding Judge. ■ The fifth enumeration is directed to the order of the trial court overruling the defendant's general and special demurrers and a motion to strike.

The action was commenced before the effective date of the Civil Practice Act, but the new procedure under the Act automatically applied at the time of the court's ruling, absent an affirmative determination by the trial court that in his opinion it would not be feasible or work injustice. Section 86 of the Act (Ga. L. 1966, pp. 609, 671; 1967, p. 8; 1967, pp. 226, 250; *Code Ann.* § 81A-186). The record is silent as to any such determination. The petition drafted in accordance with the former procedure, amply meets the requirements of the new procedure to state a claim based on negligence on which relief may be granted, if sustained by proof, and the issues raised by the demurrers and the motion to strike, if treated as motions for appropriate relief under the new procedure, are without merit, regardless of any merit under the former procedure. The statements which the defendant sought to have stricken as conclusions of the pleader respecting her failure to discover the dangerous condition of the ramp, would not, if deleted, eliminate her claim for damages based on the negligence of the defendant, and "numerous decisions under the federal rules affording the basis for the new procedure in this State are to the effect that a complaint should not be dismissed unless it affirmatively appears that the plaintiff could not possibly be entitled to relief under any statement of facts which could be proved in support of the allegations." *Seaboard A. L. R. Co. v. Hawkins,* 117 Ga. App. 797, 798 (161 SE2d 886). "A judg-

ment right for any reason will be affirmed by the appellate courts." *Hill v. Willis,* 224 Ga. 263, 267 (161 SE2d 281).

Accordingly, the trial judge did not err in his ruling on the pleadings in this case.

■ The third and fourth enumerations, identical to two special grounds of the alternative motion for new trial, refer to excerpts from the court's instructions regarding the duty of the defendant to maintain safe premises for a business invitee, which the defendant insists conveyed a meaning to the jury, contrary to law, that a merchant is an insurer of his customer's safety. These excerpts include a statement that "the invitation covers the right as invitees to be protected upon portions of premises necessary for ingress and egress and upon parts necessary or incidental to mutual business or purposes of invitation," and that the plaintiff, if found to be "a business visitor, is entitled to expect that Herman Banks, as the owner, will take reasonable care to discover the actual condition of the property, and either make it safe or warn her of its dangerous conditions."

While we do not regard these instructions, without more, as subject to the meaning asserted by the defendant, the court had eliminated any doubt by his earlier instructions that "A merchant is not an insurer of the safety of his customers and is required by law only to exercise ordinary care to avoid injury to them. The defendant would not be liable simply because the plaintiff happened to slip on the parking area, unless the defendant was negligent in causing the condition which made the surface more slippery than those ordinarily maintained by reasonably prudent owners and occupiers of property for their invitees. A person is not bound to foresee and guard against casualties which are not reasonably to be expected, which would not occur under exceptional circumstances or would result from an unexpected act of the person injured."

No error is shown by the instructions for any reason argued and insisted upon.

■ The remaining enumerations relate to the sufficiency of the evidence in refusing to direct a verdict for the defendant,

■

in overruling the motion for judgment n.o.v., and in overruling the alternative motion for new trial on the general grounds.

Irrespective of whether the elevated area of the parking lot next to the building was a walkway, as asserted by the plaintiff, or merely an elevation to prevent parking directly against the building and damage to a plate glass window, as asserted by the defendant, it is clear from the evidence that customers did use the elevated area and the ramp as a walkway in going to and from the store, and that some six months previously the defendant had caused a tar and gravel covering to be placed on the ramp in an attempt to alleviate its slippery condition. Considering the evidence as a whole, there is an ample basis for the jury to determine that the defendant, in the exercise of ordinary care knew or had cause to know that the ramp would be slippery when wet and likely to produce injury to a customer using it, and failed to warn of its condition or prevent its use, and that the plaintiff, although one of his regular customers, did not know or would not discover its dangerous condition in the exercise of ordinary care, and that she was not guilty of failing to exercise care for her own safety such as would bar recovery. Under the evidence in this case the questions of negligence of the plaintiff and the defendant and proximate cause were for jury determination, and the evidence authorized, but did not demand a verdict, for either party.

The trial judge did not err in refusing to direct a verdict or grant judgment n.o.v., and in refusing, in the alternative, to grant a new trial. See *Scoggins v. Campbellton Plaza Corp.*, 114 Ga. App. 23 (150 SE2d 179); *Chotas v. J. P. Allen & Co.*, 113 Ga. App. 731 (149 SE2d 527).

*Judgment affirmed. Pannell and Deen, JJ., concur.*