### 43686.   MORRIS v. TOWNSEND.

SUBMITTED JUNE 3, 1968—DECIDED OCTOBER 30, 1968.

Zorn & Royal, William A. Zorn, for appellant.

Albert E. Butler, for appellee.

FELTON, Chief Judge. ■ The trial judge was authorized by Code Ann. § 6-804 (Ga. L. 1965, pp. 18, 21) to grant, without motion or notice to the plaintiff and even over the plaintiff's objection, an extension of time for the filing of the defendant's transcript of the evidence in connection with his motions for a new trial and for judgment n.o.v. The fact that the written order granting the extension was not entered until over a month after the court's previously ordered filing date does not invalidate the extension, since said order vacated all previous orders and indicated a prior, implicit extension as of said previous filing date. Moreover, failure to file the transcript within the time provided by law shall not work a dismissal unless it appears that the delay was caused by the appellant. D. G. Machinery &c. Co. v. Hardy, 118 Ga. App. 45 (162 SE2d 852). The motion to dismiss the appeal is denied.

■ In the absence in the record of a determination by the trial court that the Civil Practice Act should not apply, as provided by Code Ann. § 81A-186 (Ga. L. 1966, pp. 609, 671, as amended), the special and general demurrers, filed prior to that Act's effective date and ruled on nunc pro tunc subsequently thereto, must be treated under said Act as a motion to dismiss. Hill v. Willis, 224 Ga. 263, 264 (161 SE2d 281); Banks v. Champion, 118 Ga. App. 79 (1) (162 SE2d 824). The petition in trover, being in the Jack Jones form, is not subject to motion to dismiss, Dickey v. Brannon, 118 Ga. App. 33 (1) (162 SE2d 827), just as it was not subject to either general or special demurrer. Forsyth v. Peoples, Inc. of Rome, 114 Ga. App. 726 (1) (152 SE2d 713) and cit. The court, therefore, did not err in its judgment overruling the demurrers to the petition, treated as a motion to dismiss.

■ A plaintiff in trover cannot recover possession where the

574

evidence shows that he has by contract, prior to the institution of the action, surrendered title and possession to another and had not re-aquired title or the right of possession. *Prater v. Painter,* 6 Ga. App. 292 (64 SE 1003); *Birmingham Fertilizer Co. v. Dozier,* 13 Ga. App. 759, 762 (79 SE 927); *Boswell v. Ivie,* 31 Ga. App. 807 (122 SE 97). However, where the plaintiff executed a written option contract for the purchase from the defendant of certain described personalty, which contract provided that the plaintiff was "this day . . . delivering" to the defendant an outboard motor, boat and trailer, which constituted a portion of the down payment, which was stipulated to be retained by the defendant in the event that the option not be exercised, the provision that the plaintiff was delivering constituted a promise to deliver, rather than a contractual transference of title and possession. Where there was evidence that the option was never exercised due to a disagreement as to its subject matter and that the defendant had seized the boat, etc., without the plaintiff's consent, the jury was authorized to find that the plaintiff had never parted with title or right of possession. The value of the goods was proven sufficiently by the plaintiff's testimony as to what he paid for them plus the fact that they were in the same condition at the time of their conversion as they were at the time of their purchase. Accordingly, the verdict and judgment in favor of the plaintiff were authorized and the court did not err in its judgment overruling the defendant's motion for judgment n.o.v. or, in the alternative, for a new trial on the general grounds.

The writer concurs in Judge Whitman's special concurrence.

*Judgment affirmed. Eberhardt, J., concurs in the judgment. Whitman, J., concurs specially.*

WHITMAN, Judge, concurring specially. I concur in the judgment of affirmance. However, I would amplify and add to the language of the opinion in respect of the value of the outboard motor boat alleged to have been converted. The language of the opinion is that "the value of the goods was proven sufficiently by the plaintiff's testimony as to what he paid for them plus the fact that they were in the same condition at the time of their conversion as they were at the time

of their purchase." This principle finds support in *Hoard v. Wiley*, 113 Ga. App. 328 (2) (147 SE2d 782). Plaintiff's petition sought judgment for the property or in the alternate a money verdict for its value in the amount of $1,750, together with interest at 7%. According to the record plaintiff purchased the property on December 9, 1960, for $1,750. In the option contract between the parties offered and admitted in evidence by and on behalf of the defendant and signed by both parties, the defendant Morris as seller and the plaintiff Townsend as buyer, of date March 5, 1963, evaluated the property by way of credit at $900. Plaintiff's suit was filed on July 30, 1964. The verdict in his favor of date April 22, 1966 was in the amount of $900 plus 5% interest, and judgment thereon was entered on April 25, 1966 in the amount of $900 principal, together with $138.75 interest from March 13, 1963, thus aggregating principal and interest amounting to $1,038.75. The court had charged the jury in respect of forms of verdict as to the amount of the value of the property at the time of its alleged conversion and as to the amount of interest at 7% per annum from the date of taking or conversion. There was no objection to the charge in this respect. The finding as to value of the property taken as set forth in the verdict and judgment was not $1,750, the cost of the property and the amount sued for, but only the amount of $900, the evaluation placed upon the property, set forth in the option contract signed by both parties, and this was some evidence of its value at the time of the alleged conversion. No question is raised and no contention made in respect of the form of verdict as setting forth separate findings as to principal and interest.