## 44093. GENERAL TELEPHONE COMPANY OF GEORGIA v. PRITCHETT.

PANNELL, Judge. 1. "The basic premise of the new Civil Practice Act is that it does away with 'issue pleading' and substitutes 'notice pleading.' In the famous *Reynolds* case (*Reynolds v. Reynolds,* 217 Ga. 234, 246 (123 SE2d 115)), the Supreme Court of Georgia quoted with approval the Supreme Court of the United States: '. . . Under the prior federal practice, the pre-trial functions of notice-giving, issue-formulation and fact-revelation were performed primarily and inadequately by the pleadings. Inquiry into the issues and the facts before trial was narrowly confined and was often cumbersome in method. The new rules, however, restrict the pleadings to the task of general notice-giving and invest the deposition-discovery process with a vital role in the preparation for trial'." *Byrd v. Ford Motor Co.,* 118 Ga. App. 333 (2) (163 SE2d 327).

2. "'A petition should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *American Southern Ins. Co. v. Kirkland,* 118 Ga. App. 170 [162 SE2d 862]; Conley v. Gibson, 355 U. S. 41, 45 (78 SC 99, 2 LE2d 80). See also *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260); *Seaboard A.L.R. Co. v. Hawkins,* 117 Ga. App. 797 (3) (161 SE2d 886). In explaining the rule the Fifth Circuit Court of Appeals has said: 'We have, however, pointed out that this does not mean that there must necessarily be a fullblown trial. Exploiting the wonderful facility of pre-trial discovery, the real facts can be ascertained and by motion for summary judgment (or other suitable device), the trial court can determine whether as a matter of law there is any right of recovery on those facts.' Shull v. Pilot Life Ins. Co., 313 F2d 445, 447." *Byrd v. Ford Motor Co.,* 118 Ga. App. 333 (2), supra.

3. Where, as in the present case, it is alleged by the plaintiff appellee that the defendant telephone company appellant installed a telephone in the plaintiff's residence and left about forty feet of telephone wire uncoiled, twisted and tangled and scattered over plaintiff's yard in an area fifteen or twenty feet in length and sixteen or twenty feet in width and, though requested on a number of occasions to remove the wire, re-

fused to do so, and the plaintiff in desperation without knowledge of the "characteristics and qualities of the telephone wire which would twist, coil, warp and knot when an attempt was made to wrap and tie the wire into a safe condition," and without having a full appreciation of the risk involved or the hazard in trying to control said wire, attempted to remove and wrap up said wire and was injured thereby, we can not say as a matter of law that the defendant should not have anticipated that the plaintiff would attempt to remove the wire and would probably be injured thereby in view of the characteristics and propensities of the wire nor can we say as a matter of law that the plaintiff assumed the risk or was guilty of such negligent conduct as would bar his recovery, or that his act was the sole proximate cause of his injuries, it not appearing that the danger of risk was so obvious as to call for application of such doctrines as a matter of law. *Clayton v. Steve-Cathey, Inc.*, 105 Ga. App. 570, 573 (125 SE2d 118); *Scott v. Rich's Inc.*, 47 Ga. App. 548, 551 (171 SE 201).

Under the Civil Practice Act, it is not necessary that a petition state all the elements of a cause of action. "The petition does not disclose any fact which would necessarily defeat the claim. It cannot be said beyond doubt that the plaintiff cannot prove any set of facts that would entitle him to any relief . . ." for the alleged or probable negligence. *Byrd v. Ford Motor Co.*, 118 Ga. App. 333 (2), supra. The trial court did not err in refusing to sustain the motion to dismiss the claim.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*

Submitted January 6, 1969—Decided January 16, 1969.

*Mitchell & Mitchell, D. W. Mitchell, Jr.*, for appellant.
*Walter H. Bolling, Sam Calhoun, Jr.*, for appellee.