### 44436.   NIPPER v. CRISP COUNTY.

JORDAN, Presiding Judge.   On August 4, 1967, Nipper filed an action against Crisp County seeking to recover damages as the result of an incident which occurred on August 7, 1965, when he drove a vehicle into a creek, a bridge washout having created a hiatus in the road of some 20 feet.   In substance he alleges as the cause of his injuries that the county built and maintained the bridge in a negligent manner without providing sufficient space for the passage of waters.   The defendant filed general and special demurrers under the procedures then in effect.   On January 24, 1969, the court sustained a renewed general demurrer of the defendant and dismissed the action.   The plaintiff appeals from this order. *Held:*

1. Since demurrers were abolished by the Civil Practice Act, we view the petition in the light of the requirements of § 8 (a) of the Civil Practice Act (Ga. L. 1966, pp. 609, 619; *Code Ann.* § 81A-108 (a)) and treat the general demurrer as a motion to dismiss under § 12 (b) for failure to state a claim upon which relief can be granted (Ga. L. 1966, pp. 609, 622; *Code Ann.* § 81A-112 (b)) and consider the ruling of the trial judge as if it were based on such requirements.   See *Ghitter v. Edge,* 118 Ga. App. 750, 751 (165 SE2d 598); *Banks v. Champion,* 118 Ga. App. 79 (162 SE2d 824); and *Morris v. Townsend,* 118 Ga. App. 572 (2) (164 SE2d 869).

Under the liberalized notice pleading now in effect the petition clearly states a claim, and the trial judge erred in dismissing the action against the county.

2. Counsel for the appellee argues in his brief that the petition does not show that the plaintiff presented a claim to the county within 12 months, as required by *Code* § 23-1602. The petition was filed after the expiration of 12 months and is absolutely silent as to whether a timely claim was presented within 12 months, or the presence of any legal disability tolling the time requirement. Under § 8 (c) of the Civil Practice Act (Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230; *Code Ann.* § 81A-108 (c)) it is incumbent on a party pleading to a preceding pleading to set forth affirmatively any statute of limitation as a defense to an action. Thus under the pleadings as now before the court this issue is not raised, even though it may be present and could operate as a bar to recovery. In view of the present notice pleading requirements under the Civil Practice Act, and the rule of construction on the petition in favor of the pleader, cases such as *Douglas County v. Brown & Riley Enterprises*, 114 Ga. App. 410 (151 SE2d 510) requiring a showing of compliance with *Code* § 23-1602 as an essential requirement of issue pleading "to set out a cause of action" under a rule of construction on the petition against the pleader are no longer applicable. It is no longer "necessary that a petition state all the elements of a cause of action." *General Telephone Co. of Ga. v. Pritchett*, 119 Ga. App. 53 (165 SE2d 918). See *Maxwell v. Tucker*, 118 Ga. App. 695 (4) (165 SE2d 459).

3. The judgment of the trial court is reversed for the reason stated in Division 1.

*Judgment reversed. Hall and Whitman, JJ., concur.*

SUBMITTED MAY 7, 1969—DECIDED OCTOBER 7, 1969—
REHEARING DENIED NOVEMBER 5, 1969.

*Guy V. Roberts, Jr.*, for appellant.

*Wright, Reddick & Faircloth, Graydon D. Reddick*, for appellee.