*Greene, Buckley, DeRieux & Jones, Thomas B. Branch, III, Hugh Robinson, Jr.,* for appellees.

## 45069. JONES v. ITSON.

WHITMAN, Judge. This case involves a default judgment. The complaint in trover alleged that the defendant, appellant, was in possession of a certain described automobile to which plaintiff claimed title. The complaint was in the Jack Jones form permitted by an Act approved December 27, 1847. Ga. L. 1847, p. 204; Cobb's Digest 1851, p. 490.

There being no answer filed by the defendant within the time allowed therefor (*Code Ann.* § 81A-112 (a); Ga. L. 1966, pp. 609, 622, as amended), and there being no opening of such default as the defendant might have done as a matter of right within the time allowed therefor (*Code Ann.* § 81A-155 (a); Ga. L. 1966, pp. 609, 659, as amended), and there being no motion under oath, or otherwise, showing providential

cause or excusable neglect which would allow an opening of the default after such time (*Code Ann.* § 81A-155 (b), supra), the trial judge did not err thereafter in entering a judgment directing the sheriff to deliver the property to the plaintiff. See *Georgia Hwy. Express Co. v. Do-All Chemical Co.,* 118 Ga. App. 736 (165 SE2d 429); *Jordan v. Clark,* 119 Ga. App. 18 (165 SE2d 922). The property had evidently been seized by the sheriff pursuant to the affidavit for bail, and not having been retained by the defendant by his giving a recognizance or replevied by the plaintiff, remained in the hands of the sheriff; and as indicated by the judgment of the trial court, the sheriff was directed to deliver the property to the plaintiff. It does not appear that the plaintiff made an election and, therefore, the direction for the delivery of the automobile to him was proper. See *Phillips v. South Cobb Bank,* 117 Ga. App. 137 (3) (159 SE2d 495).

Although the entry of final judgment was invoked by the plaintiff by a motion for summary judgment, the order thereon recites that it is based on the fact of no defense and no appearance, i.e., default. The complaint was sufficient as setting forth a claim for relief and was not subject to a motion to dismiss. It has not been shown that the plaintiff has received a judgment where no claim in fact existed. *Morris v. Townsend,* 118 Ga. App. 572 (164 SE2d 869).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED FEBRUARY 2, 1970—DECIDED MAY 19, 1970.

*Jere F. White,* for appellant.