### 46350. PIERCE COUNTY v. McQUAIG.

Deen, Judge. *Code Ann.* § 95-1001 renders the county liable "for all injuries caused by reason of any defective bridges," a bridge being defined as "a structure erected to afford unrestricted vehicular traffic over an obstruction in the public highways of the State, including rivers", etc., and including "the approaches to the structure previously defined." Under the express ruling in *Johnson County v. Hicks,* 73 Ga. App. 238 (36 SE2d 116) and *Floyd County v. Stewart,* 97 Ga. App. 67 (101 SE2d 879) this means by definition that a bridge must be in existence; there is no liability for an old bridge which has been removed, because it is no longer in existence, and there is no liability relating to the new bridge because it has not yet commenced to exist. Unfortunately, the county is not liable for its negligence in failing to post proper warnings or barricades in such a situation. *Warren County v. Battle,* 48 Ga. App. 240 (172 SE 673).

It follows that there is no liability against the county in this case, where the plaintiff was injured when the driver of the car in which he was riding mistook new fill in the same right of way as the former road, presently being used as a *detour road* and traversing a stream over a culvert erected for that purpose, followed the new fill where the road was being straightened, improved and widened, and where a new bridge was planned to be erected over the stream, and crashed from the end of the new fill into the water. The culvert had replaced a bridge which the county had removed some time previously and was in temporary use until the new bridge could be erected on the new fill just north of it. As we see the case, the "approaches" for which the county is liable are approaches to a structure which is or at the very least has been in existence, and it makes no difference to this case whether the culvert be considered a bridge or not, for had the driver followed the part of the road crossing over

the culvert (which is not charged to have been defective) the accident would not have occurred. Nor do we find anything to the contrary in *Nipper v. Crisp County,* 120 Ga. App. 583 (171 SE2d 652), relied on by the appellee, which involved a bridge a part or all of which had been washed out by a flash flood the previous night, and where negligence was charged in the construction and maintenance of the damaged or destroyed bridge on the part of the county which allegedly built it with knowledge that space for passage of water during flood periods was inadequate.

The trial court erred in denying the motion for summary judgment of the defendant, Pierce County.

*Judgment reversed. Bell, C. J., and Pannell, J., concur.*
Argued June 28, 1971—Decided July 15, 1971.

*W. P. Strickland, Jr., Memory & Thomas, S. F. Memory, Jr.,* for appellant.
*Leon A. Wilson, II, Benjamin Smith, Jr.,* for appellee.