## 51524. CAMPAGNA v. SARA HUDSON REALTY COMPANY.

SUBMITTED JANUARY 12, 1976 — DECIDED JANUARY 30, 1976.

*Dodd, Driver, McClatchey & Connell, Ellwood F. Oakley, III,* for appellant.

*Van Gerpen & Bovis, Robert N. Sorenson, Earl J. Van Gerpen,* for appellee.

CLARK, Judge.

Could a party who loses in litigation sue the adversary's attorney on the ground that his case had been lost because of unethical conduct by the opposing lawyer? This analogy is appropriate to the instant situation where appellant, purchaser of a residence, sues the realtor who represented the seller, limiting his complaint to allegations of unfair conduct in the transaction.

Specifically acknowledging defendant was not guilty of fraud or other legal misconduct, plaintiff filed this suit on the basis that persons licensed by the Georgia Real Estate Commission to engage in the real estate business are subject to civil liability if found to have handled a real estate transaction in such manner as to be guilty of "unfair practices" as defined in Code § 84-1421. We will not undertake to consider the factual complaints. Not only are they denied by defendant, but there appears to be no merit to them. We do not need to consider these as we have determined that the General Assembly's enactment did not create a new legal right.

Appellant pleaded in Paragraph 9 of his complaint that "a cause of action is provided by Georgia Code Annotated § 84-1424 (a) against duly licensed brokers who act in violation of [Code Chapter 84-14]." Our reading of that Code section discloses its provisions are limited to the establishment and maintenance of "a real estate recovery fund." It provides procedures and prerequisites

for collection after judgments are obtained against a licensed broker or salesman. It is aimed to insure payment to a successful plaintiff against a defendant who might otherwise be judgment proof.

Appellant alleges violations of two of the 28 subsections contained in Code § 84-1421. These subsections clearly are regulatory in nature. They are limited to action by the Georgia Real Estate Commission in the exercise of its licensing powers. Some of the conduct condemned may also serve as the basis for judicial action for recovery of monetary damages under other statutes. An example (not involved in the present case) exists in subsection numbered (1) dealing with a refusal to perform "because of race, color, national origin or ethnic group."

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*