## 53315. NIPPER v. CRISP COUNTY.

SHULMAN, Judge.

In a case pending since 1967, appellant contends that appellee county owned a "bridge" located on a county maintained road and that the bridge washed out. Appellant allegedly ran into the washout causing damage to his vehicle, injuries to his person, and the death of two coon dogs. Appellee also alleged that there was an earlier "bridge" which previously had washed out. Summary judgment was granted in favor of appellee.

The sole question raised by appellant's only enumeration of error was whether the structure was a bridge or a culvert. This case would come under old Code § 95-1001, since repealed, but operative at the time of this occurrence, which provides ". . . that counties shall be primarily liable for all injuries caused by reason of a defective bridge. . ." It goes on to define bridge as follows: ". . .a structure erected to afford unrestricted vehicular traffic over an obstruction in the public highways of the State, including rivers, streams, ponds, lakes, bays, ravines, gullies, railroads, public highways, and canals; the term bridge as defined in this section shall include the approaches to the structure previously defined within 50 feet of either end of said structure except where the bridge itself measures 100 feet or more and in said event within 100 feet of either end of said structure."

We agree with the ruling of the trial court that the structure in question was a culvert and not a bridge. In *Hubbard v. County of Fulton,* 144 Ga. 363 (87 SE 281), the Supreme Court determined that an embankment forming part of a public road, constructed of dirt across a ravine, under which there is a culvert to permit the flow of a branch down the ravine, is not a bridge within the meaning of the statute making counties liable for injuries arising on account of defective bridges. The court in that case went on further to say: ". . .if prior to the construction of the fill there was a road in the course of which was the 'bridge' mentioned above, and the effect of making the dirt-fill was to extend the road-bed of dirt over the bridge at a height of six or seven feet above the level of the bridge and on both sides thereof for the full width of the road, as

alleged, the result would be a transformation of the road and the creation of a culvert. For definitions of a culvert see 12 Cyc. 990, and cases cited."

The only evidence offered by appellant was an affidavit in opposition to the motion for summary judgment which merely concluded that the structure was a bridge, without factual support for that conclusion. "When the defendants have made a motion for a summary judgment under the provisions of the Civil Practice Act (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; Code Ann. § 81A-156), which motion is supported by affidavits, depositions, or other evidentiary matter showing a prima facie right on the part of the defendants to have a summary judgment rendered in their favor, the duty is cast upon the plaintiff to produce rebuttal evidence at the hearing thereof, by the introduction of depositions or affidavits, sufficient to show to the court that there is a genuine issue of fact to be decided by the jury. *Scales v. Peevy,* 103 Ga. App. 42, 47 (118 SE2d 193); *Cochran v. Southern Business University,* 110 Ga. App. 666 (139 SE2d 400); *Bussie v. Wilson,* 144 Ga. App. 298 (151 SE2d 186)." *Stephens County v. Gaines,* 128 Ga. App. 661 (1) (197 SE2d 424).

The fact that there was a prior bridge at the same location would not be a determining factor. See *Hubbard v. County of Fulton,* supra; *Floyd County v. Steward,* 97 Ga. App. 67 (101 SE2d 879).

The issue of the county's immunity from suit is not properly before this court, there being no enumeration of error to that effect. *Rider v. State,* 226 Ga. 14 (172 SE2d 318); *Hurst v. Smith Equipment Co.,* 133 Ga. App. 374, 376 (210 SE2d 851). Although some question was raised as to this point in appellant's brief, this would not be sufficient. "Enumerations of error cannot be enlarged by means of statements in brief of counsel to include issues not made in the former." *Leniston v. Bonfiglio,* 138 Ga. App. 151, 153 (226 SE2d 1); *Hohlstein v. White,* 117 Ga. App. 207, 208 (160 SE2d 232). See also Code Ann. § 6-810.

*Judgment affirmed. Quillian, P. J., and Stolz, J., concur.*

SUBMITTED JANUARY 12, 1977 — DECIDED FEBRUARY 17, 1977.

*Roberts, Roberts & Rainwater, Guy Velpoe Roberts, Jr.,* for appellant.

*Hurt & Pfeiffer, James W. Hurt,* for appellee.