53480. KIMBALL BRIDGE ROAD AT BIG CREEK v. EVEREST REALTY CORPORATION et al.

MARSHALL, Judge.

The appellant, a Georgia limited partnership which had sought to sell certain real estate, sued jointly and severally the appellee real estate brokerage company, two of its employee agents (who were alleged to be licensed real estate salesmen) and A. L. Smith (who, in addition to being a licensed real estate broker, was alleged to be an officer and employee of the defendant company, and the company's "qualifying broker," in charge of its specified Atlanta office), for damages caused by the defendants' negligence in including in a purported sale contract, drawn by the defendant under an exclusive agency contract with the plaintiff, an inadequate description of the land to be sold, which resulted in the unenforceability of the contract against the prospective buyer procured by the defendants.

The complaint alleged that the invalidity of the sale contract had been established by final, unappealed judgments in two civil actions in DeKalb Superior Court. It was further averred that the alleged acts of negligence of the individual defendants were done within the scope of their employment and agency with the appellee company; that they made "substantial misrepresentations" to the plaintiff that the contract was valid and binding, in contravention of Code Ann. § 84-1421 (21) (Ga. L. 1973, pp. 100, 117; 1974, pp. 379, 381); and that, by such acts, they each had "demonstrated unworthiness or incompetency to act as a real estate broker or salesman in such manner as to safeguard the interest of the public," in violation of Code Ann. § 84-1421, supra, (25).

The plaintiff voluntarily dismissed its complaint as to the two defendant salesmen, leaving the action pending against the brokerage company and the broker in charge

of its office, appellee Smith. Defendant Smith's answer, inter alia, admitted that he was a licensed real estate broker, employed as the "qualifying broker" of the defendant company, but denied that he was an officer thereof and made no reference to the allegation that he was in charge of the company's specified office. He further denied preparing the contract in question or having any contract with the plaintiff, and alleged that the plaintiff was not a party to the contract, which was signed by General Modular Corp., as seller, which is not a party to this action.

Defendant Smith filed a motion to dismiss the complaint as to him on the ground of failure to state a claim, etc. Subsequently, the plaintiff amended its complaint to allege that the exclusive agency contract was signed by General Modular Corp. as agent for the plaintiff owner of the land in question.

The trial judge sustained defendant Smith's motion to dismiss, from which judgment the plaintiff appeals. *Held:*

1. The plaintiff properly brought the action in its own name. "Every action shall be prosecuted in the name of the real party in interest." Code Ann. § 81A-117 (a) (Ga. L. 1966, pp. 609, 629; 1968, pp. 1104, 1107). The plaintiff was also entitled, as a matter of course and without leave of court before the entry of a pre-trial order, to amend its complaint so as to show that the contract was executed by its agent. Code Ann. § 81A-115 (a) (Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694).

2. The complaint as amended stated a claim against defendant Smith upon which relief can be granted upon proper proof.

The defendant's answer, although denying the allegation that he was an *officer* of the defendant realty corporation, nevertheless explicitly admitted being the company's licensed, "qualifying," real estate broker, and implicitly admitted, by his failure to deny, that *he was in charge of the company's particular office.* Considering these admissions, his denials of having *personally* conducted the plaintiff's transaction, or having made misrepresentations as to his professional qualifications and as to the validity of the sale contract, at the most were

irrelevant and at the least raised issues of fact for a jury's resolution.

The appellee cites the case of *Campagna v. Sara Hudson Realty Co.,* 137 Ga. App. 451 (224 SE2d 102) (1976) for the proposition that the 1973 Real Estate Brokers and Salesmen Act (Code Ann. Ch. 84-14) did not *create* a legal cause of action for a person aggrieved by alleged conduct in contravention thereof. We agree that no claim was so *created.* The court in *Campagna,* supra, p. 452, after pointing out that this Act is merely regulatory in nature, went on to state that "[s]ome of the conduct condemned may also serve as the basis for judicial action for recovery of monetary damages under other statutes." Hence, this Act recognizes certain minimum standards for persons engaged in the real estate business.

In *Berman v. Rubin,* 138 Ga. App. 849 (227 SE2d 802) (1976), this court, in ruling on a malpractice action against an attorney, indicated on p. 853 that the same principles and standards are applicable in malpractice actions against other professionals, " 'who hold themselves out to the world as possessing skill and qualifications in their respective trades or professions.' " The gist of the ruling in *Berman* is that it is generally a jury question as to whether or not the defendant tradesman or professional had breached his duty, arising out of contract and agency law, toward his client, and as to whether or not such breach was the cause of the plaintiff's alleged injury. The plaintiff in the case sub judice was not negligent as a matter of law, as the appellee contends, in failing to employ or consult an attorney for assistance in drafting the sale contract. A jury might find that this function is within the sphere of professional expertise of licensed real estate brokers. Likewise, it is a jury issue as to whether the plaintiff was guilty of equal or greater negligence in failing to supply the defendants with a complete legal description of the property for use in the sale contract, or in failing to read the sale contract, or both.

There being issues of fact for jury determination, the trial judge erred in his judgment dismissing the complaint as to defendant Smith.

*Judgment reversed. Deen, P. J., and Webb, J.,*

*concur*.

ARGUED FEBRUARY 16, 1977 — DECIDED APRIL 5, 1977.

*O'Callaghan, Saunders & Stumm, Richard L. Stumm, Gene B. McClure,* for appellant.
*Sam G. Dettelbach,* for appellees.