67013. POTTS v. STATE OF GEORGIA.

POPE, Judge.

Appellant sued Britt, a licensed real estate broker, in the Bibb County Superior Court for misappropriation of funds. On March 25, 1976 appellant obtained a judgment against Britt for $20,000, $7,000 of which represented actual damages. By order filed July 14, 1976 the Georgia Real Estate Commission ("Commission") was authorized to pay appellant $7,000 from the real estate recovery fund ("fund"). The sum was paid to appellant through his attorney on or about August 20, 1976. Appellant has refused since payment to assign to the Commission his rights to the judgment against Britt.

By letter to an assistant attorney general dated October 29, 1980, appellant's attorney requested a "payoff" figure from the fund because appellant wished "to repay the money advanced to him . . . plus interest and to withdraw his claim." On December 22, 1980, by letter to the same assistant attorney general, appellant's attorney explained that appellant was ready to pay off the amount due the fund since Britt and appellant had settled the case. Appellant's attorney was furnished the requested figure ($8,857.10) by letter dated January 20, 1981 signed by the Georgia Real Estate Commissioner, Charles Clark.

No payment to the Commission on the fund was made by appellant. On June 15, 1982 suit was filed against appellant by appellee State of Georgia on behalf of the Commission. The complaint alleged that appellant owed appellee "$7,000 principal, plus interest for money had and received" from August 20, 1976. Appellant answered denying the debt and moving that the complaint be dismissed for failure to state a claim upon which relief can be granted. Appellee's mo-

tion for summary judgment was filed March 11, 1983 along with the affidavit of Commissioner Clark and c other exhibits provided to prove the debt. Appellant filed nothing in opposition to the motion for summary judgment. After oral argument and consideration of the record, the trial court granted summary judgment to appellee.

1. Appellant initially assigns error to the trial court's failure to grant his motion to dismiss based upon his assertion that the face of the complaint failed to set forth the date on which the cause of action accrued. We find no such error. Under the notice pleading requirements of the Civil Practice Act and the rule of construction in favor of the pleader, it is no longer necessary that a complaint state all the elements of a cause of action. See *Nipper v. Crisp County*, 120 Ga. App. 583 (2) (171 SE2d 652) (1969). See also *Allrid v. Emory Univ.*, 166 Ga. App. 130 (2) (303 SE2d 486) (1983). The date of accrual and the circumstances from which appellee's cause of action arose are provided in the record in the affidavit of Commissioner Clark which was attached to appellee's motion for summary judgment.

2. Appellant next seeks to assert the statute of limitation as a bar to appellee's suit. However, "[u]nless the defense of the statute of limitation is pleaded affirmatively by a defendant, it is waived. [Cit.]" *Leslie, Inc. v. Solomon*, 141 Ga. App. 673, 674 (234 SE2d 104) (1977). See OCGA § 9-11-8 (c). Appellant failed to raise the defense of the statute of limitation by answer or at any other time at the trial level. Thus, we need not decide the validity of such defense, if any, as it is waived.

3. Appellant's final enumeration assigns error to the trial court's ruling based upon his assertion that appellee failed to prove the existence of the indebtedness. We disagree.

In support of the motion for summary judgment, appellee presented Commissioner Clark's affidavit swearing that $7,000 had been paid over to appellant by the Commission from the fund on or about August 20, 1976; that appellant was required upon payment to assign to the Commission all right, title and interest in the judgment against Britt; and that, although appellant had settled the claim with Britt, he had consistently refused to assign his rights or to repay the $7,000 which appellant had been paid from the fund. In the face of this evidence, appellant presented nothing except the bare denial of indebtedness contained in his answer. "When motion for summary judgment is made, the adverse party may not rest upon the allegations of his pleadings, but must set forth specific facts showing there is a genuine issue for trial." *Oliver v. Thomas*, 158 Ga. App. 388, 389 (280 SE2d 416) (1981). Accord, *Curtis v. J. L. Todd Auction Co.*, 159 Ga. App. 863 (285 SE2d 596) (1981). Appellant failed to produce any evidence to factually refute the specific elements in support of appellee's claim. There was, thus, no genuine issue of material fact remaining

218

for trial.

Arguing that the trial court erred as a matter of law in granting summary judgment to appellee, appellant contends that, by operation of law, the Commission was subrogated to appellant's rights in the judgment against Britt thus limiting appellee's recovery of the $7,000 to one based in an action against Britt. In support of this contention, appellant points to the statute in force in 1976 which enabled appellant to collect from the fund the sum representing actual damages awarded him in the 1976 judgment against Britt, Ga. L. 1973, pp. 100, 121 (formerly Code Ann. § 84-1424; now, as amended, OCGA § 43-40-22). This statute established and set the regulations for the fund, which has as its purpose "to insure payment to a successful plaintiff against a defendant who might otherwise be judgment proof." *Campagna v. Sara Hudson Realty Co.*, 137 Ga. App. 451, 452 (224 SE2d 102) (1976). Ga. L. 1973, pp. 100, 126 (former Code Ann. § 84-1424 (g)) provides: "When, upon the order of the court, the commission has paid from the real estate recovery fund any sum to the judgment creditor, the commission shall be subrogated to all of the rights of the judgment creditor, and the judgment creditor shall assign all his right, title and interest in the judgment to the commission, and any amount and interest so recovered by the commission on the judgment shall be deposited to the fund." "The word 'shall' in a statute 'is a word of command, and the context ought to be very strongly persuasive before that word is softened into a mere permission.' *Garrison v. Perkins*, 137 Ga. 744, 755 (74 SE 541) [(1912)]." *Spivey v. Mayson*, 124 Ga. App. 775, 777 (186 SE2d 154) (1971). Nevertheless, in contravention of the statute, appellant has consistently refused to assign his rights against Britt. In this regard, he has failed to comply with a requirement of the Act. "The failure of an aggrieved person to comply with all of the provisions of this Code section shall constitute a waiver of any rights hereunder." Ga. L. 1973, pp. 100, 126 (former Code Ann. § 84-1424 (h)). Thus, appellant's argument that appellee is limited to recovery from Britt is without merit. The trial court did not err in granting appellee's motion for summary judgment against appellant in this case.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED MARCH 12, 1984.

*Larry J. Barkley*, for appellant.
*Stephen M. Forte, Special Assistant Attorney General*, for appellee.