A89A0916. RESIDENTIAL DEVELOPMENTS, INC.
v. MASSICOTT.
(389 SE2d 347)

BENHAM, Judge.

In June 1986, appellant, Residential Developments, Inc. (Residential), sued the Massicott Corporation (Corporation), a real estate brokerage firm, for breach of contract and breach of fiduciary duty after the firm failed to release a portion of the earnest money it held in escrow pursuant to a realty agreement. The trial court entered judgment in Residential's favor in February 1987. In September 1987, after post-judgment discovery revealed that the Corporation had no assets from which the judgment could be satisfied, Residential filed an action against Herbert Massicott, sole stockholder and broker responsible for the Corporation, to recover the amount of the judgment. Contemporaneously with the filing of the action against Massicott, Residential notified the Real Estate Commission of the commence-

ment of the action, pursuant to OCGA § 43-40-22 (d) (1), and subsequently filed a claim for collection pursuant to OCGA § 43-40-22 (d) (2). The commission opposed the claim, contending that since Residential failed to notify the commission when it filed its first action against the Corporation, it had failed to comply with the statutory requirement that "[w]hen any aggrieved person commences action for a judgment which may result in collection from the real estate education, research, and recovery fund [(fund)], the aggrieved person shall notify the commission in writing . . . to this effect at the time of the commencement of such action." OCGA § 43-40-22 (d) (1). The trial court held that Residential did fail to comply with the statute section and denied its claim for collection from the real estate recovery fund.

Appellant takes the position that the trial court erred in construing the statute so as to require notice to the commission at the time the action was commenced against the brokerage firm rather than at the time action was commenced against the individual broker responsible for compliance with the real estate escrow laws. We disagree and affirm the trial court's judgment.

It is true that OCGA § 43-40-22 "is aimed to insure payment to a successful plaintiff against a defendant who might otherwise be judgment proof" (*Campagna v. Sara Hudson Realty Co.*, 137 Ga. App. 451 (224 SE2d 102) (1976)), but in order for a claimant to recover from the fund, he must strictly comply with the statutory "procedures and prerequisites." Id. The judgment against Massicott, which forms the basis for appellant's claim against the fund, derives from the judgment against the Corporation, i.e., it involves the same $7,000 earnest money appellant sought from the Corporation in the initial lawsuit. Although the judgment against the Corporation was not actually the one pursuant to which appellant filed its claim, it is clear that it was a "judgment which may result in collection from the real estate education, research and recovery fund" (OCGA § 43-40-22 (d) (1)), and therefore required notice to the commission. Appellant did not notify the commission of the initiation of the action against the Corporation, and thereby deprived the commission of its "right to intervene in and defend" the action. Id. We construe the statute as conferring to the commission an absolute right to intervene and defend, and the fact that the commission does not do so in a particular case does not obviate the necessity of the aggrieved party to give the required statutory notice. The statute states that the aggrieved party "shall notify the commission in writing . . . at the time of the commencement of such action." OCGA § 43-40-22 (d) (1). " 'The word "shall" in a statute "is a word of command, and the context ought to be very strongly persuasive before that word is softened into a mere permission." [Cits.]' " *Potts v. State of Ga.*, 170 Ga. App. 216, 218 (316 SE2d 587) (1984). We do not find that in this context such a softening is

warranted; thus, appellant's omission of the notification bars its right to recover from the fund. "The failure of an aggrieved person to comply with all of the provisions of this Code section shall constitute a waiver of any rights under this Code section." OCGA § 43-40-22 (i). The trial court did not err in denying appellant's claim for collection from the real estate education, research, and recovery fund.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 9, 1989 —
REHEARING DENIED DECEMBER 8, 1989 — 

*Heyman & Sizemore, William H. Major*, for appellant.
*Michael J. Bowers, Attorney General, William B. Hill, Jr., Deputy Attorney General, Mark H. Cohen, Assistant Attorney General*, for appellee.