## S90G0457. RESIDENTIAL DEVELOPMENTS, INC. v. MASSICOTT.

(392 SE2d 706)

SMITH, Presiding Justice.

We granted a writ of certiorari to the Court of Appeals in *Residential Developments, Inc. v. Massicott,* 193 Ga. App. 857 (389 SE2d 347) (1989), and we reverse.

The appellant, Residential Developments, Inc., entered into a real estate transaction with the Massicott Corporation. When the transaction failed to close, the appellant sought the return of its earnest money. The earnest money was not returned and the appellant filed an action in the State Court of Cobb County. The appellant did not give notice to the Georgia Real Estate Commission at the time he filed the suit against the Massicott Corporation. The State Court in Civil Action 86A8508-5, styled Residential Developments, Inc. v. The Massicott Corporation, entered a default judgment against the Massicott Corporation on February 24, 1987.

The appellant, through post-judgment discovery, learned for the first time that the Massicott Corporation was judgment proof. The appellant also learned that the qualifying broker, Herbert Massicott, failed to keep the earnest money in a separate account as required by OCGA § 43-40-20 (a). The appellant then filed a complaint against Herbert Massicott, individually, as qualifying broker, for failure to assure "that the corporation . . . compl[ied] with the provisions of [the] chapter and its attendant rules and regulations." OCGA § 43-40-10 (a). The appellant gave the Commission notice at the time it filed its suit against Herbert Massicott. The Commission did not intervene, and the State Court of Cobb County in Civil Action File No. 87 A-16740-1, styled Residential Developments, Inc. v. Herbert Massicott, entered a default judgment against Herbert Massicott on March 29, 1988.

On May 23, 1988 the appellant filed a claim in the State Court of Cobb County seeking to claim collection of its judgment obtained in Civil Action No. 87 A-16740-1 against Herbert Massicott. The claim alleged that the Commission had been notified at the time the suit was initiated and that no property of Herbert Massicott's could be

found to satisfy the judgment. The Commission filed an opposition to the claim. It asserted that because it was not notified at the time Civil Action No. 86 A-8505-8 was filed against the Massicott Corporation that "the Commission had no opportunity to intervene in the action which resulted in the judgment upon which Plaintiff's claim against the Recovery Fund now is based." The Commission asked the court to deny the claim for failure to comply with OCGA § 43-40-22 (d) (1). The trial court denied the claim and the Court of Appeals affirmed.

We cannot agree. There were two separate law suits against two different defendants, at different times, and before two different triers of fact. Both suits resulted in default judgments. The appellant followed the procedure set out in OCGA § 43-40-22 (d) (1) when he filed the suit against Herbert Massicott individually. The Commission was given notice and had an opportunity to intervene in the suit against Herbert Massicott. The appellant followed the procedure set out in the code section, the Commission had timely notice, and it cannot be heard to complain.[1]

*Judgment reversed. Clarke, C. J., Weltner, Bell, Hunt, Fletcher, JJ., and Judge Carol Hunstein concur; Benham, J., not participating.*

DECIDED MAY 31, 1990 —
RECONSIDERATION DENIED JULY 12, 1990.

*Heyman & Sizemore, William H. Major,* for appellant.
*Michael J. Bowers, Attorney General, Mark H. Cohen, Senior Assistant Attorney General,* for appellee.

---

[1] Given the language of the statute: "commences action for a judgment which *may* result in collection from the . . . fund. . . ." (Emphasis supplied.) OCGA § 43-40-22 (3) (d) (1), it appears that the best practice is to notify the Commission at the commencement of *all* actions against *any* licensee to avoid waiving any rights under the statute in the event that a defendant is judgment proof.